DENNIS LINNEHAN *vs.* CHARLES ROLLINS & others, trustees.

Suffolk.  Jan. 17. — April 1, 1884.  C. ALLEN & HOLMES, JJ., absent.

A contractor entered into a written contract with the trustees of an estate, by which he agreed "to take down the entire building known as the A. House, belonging to said trustees, or so much thereof as the trustees may request;" and which also provided as follows: "All of said work to be done carefully, and under the direction and subject to the approval of the trustees." *Held,* that the trustees were liable for injuries occasioned to a third person by the negligence of the contractor, or of his servants, in doing the work named in the contract.

TORT, against the owners in trust of an estate on Washington Street, in the city of Boston, for personal injuries alleged to have been sustained by the plaintiff through the negligence of

the defendants, or of their servants or agents, by the fall of a derrick. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

There was evidence tending to show that the injury to the plaintiff was caused by the negligence of the workmen employed by one Elston, who had a written contract with the defendants, by which he agreed " to take down the entire building known as the Adams House in said Boston, belonging to said trustees, or so much thereof as the trustees may request;" and which also provided as follows: " All of said work to be done carefully, and under the direction and subject to the approval of the trustees."

The plaintiff also offered some evidence of negligence on the part of one Wentworth, who was employed by the defendants; which evidence was contradicted by other witnesses.

There was also evidence that one or more of the defendants were present nearly every day, and gave directions as to the work being performed; and evidence contradicting this.

The defendants had employed Elston to perform part of the work in taking down the building named in the contract, and had also employed Wentworth and other persons to do other parts of taking down said building.

The judge instructed the jury upon the effect of said contract as follows: " The plaintiff contends that there was negligence both on the part of Wentworth and the men under his employ in placing this derrick, and on the part of Elston in removing this derrick. So far as regards Wentworth, the relation in which he stands to the defendants is a matter of verbal proof, and the principles which I have given you are to be applied in determining upon the evidence what that relation was. So far as Elston is concerned, the relation in which he stood to the defendants at the outset is a matter of written contract, and, where there is a written contract between parties, the construction of that written contract is a matter of law. This contract implies in substance that Elston is to take down the entire building known as the Adams House, or so much thereof as the trustees may request; and, in conclusion, that all of the work is to be done carefully, and under the direction and subject to the approval of the trustees. This contract gives the defendants

the right to control and direct the action of Elston. It is not simply a provision that the work must finally meet their approval before they pay him, but it is a provision that, in the first instance, he is to take down just so much of it as they desire, and that he is to do the work of taking down under their direction. There is no other mode of construing it than so as to mean that he, by this contract, was subject to their orders as to the time and manner and mode of doing the work; that they had the right to step in and say to him, ' You are not doing this as we directed you to do it. We direct you to do thus and so, and we direct you to do this in the other way.' That seems to me, as far as the contract is concerned, to bring the case within the relation of master and servant, so far as Elston and the defendants are concerned. You will observe that, although there has been evidence introduced upon the one side and the other, as to the actual control which the trustees, through one of their number, exercised over the work, and that is all proper and competent evidence for you in considering the matter, yet that the absolute test is not the exercise of power of control, but the right to exercise power of control. If, for instance, there was nothing in the case but this contract, and there was no question that the parties were acting under it, if that is the view you take of it, and that the injury was occasioned by the negligence of Elston, then, although the trustees should be across the Atlantic, nevertheless, under the instructions I give you, if they retained the power to control and direct the work, they would be liable; because it is the possession of the right of interference, the right of control, that puts upon a party the duty of seeing that the person who stands in that relation does his duty properly. If they have retained to themselves the right of directing the mode of doing the work, then, if the work is done wrong, the simple principle is that they are responsible."

The jury returned a verdict for the plaintiff, in the sum of $5500; and the defendants alleged exceptions.

*W. B. Gale & J. W. Rollins*, for the defendants.

*S. B. Allen & J. R. Murphy*, for the plaintiff.

FIELD, J. Whether an owner of a building retains such control over work to be done and the manner of doing it as to render himself responsible for injuries occasioned by the

negligence of a contractor and his employees in the performance of the work, depends upon the construction to be given to the contract. *Erie* v. *Caulkins*, 85 Penn. St. 247. *Railroad* v. *Hanning*, 15 Wall. 649. *Eaton* v. *European & North American Railway*, 59 Maine, 520. *Cincinnati* v. *Stone*, 5 Ohio St. 38. *Newton* v. *Ellis*, 5 El. & Bl. 115. *Blake* v. *Thirst*, 2 H. & C. 20.

In this case, for the reasons given in the instructions, we think the defendants are liable for injuries occasioned by the negligence of Elston and his employees in doing the work which the defendants requested Elston to do. *Railroad* v. *Hanning, ubi supra. Clapp* v. *Kemp*, 122 Mass. 481. *Brackett* v. *Lubke*, 4 Allen, 138. *Brooks* v. *Somerville*, 106 Mass. 271. *Forsyth* v. *Hooper*, 11 Allen, 419. *Kimball* v. *Cushman*, 103 Mass. 194.

*Exceptions overruled.*