NORMAN J. DANE *vs.* COCHRANE CHEMICAL COMPANY.

Suffolk.    November 22, 1894. — October 19, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Employers' Liability Act — Action.*

A. was employed by B. under a continuing contract to do from time to time such carpentry as was necessary to be done on the buildings occupied by B. for manufacturing purposes, usually receiving his orders from B.'s superintendent.    A. furnished the tools and B. the materials required to do the work.    A. hired the men to be employed in doing the work, superintended, paid, and discharged them. B. paid A. a certain sum a day for his work, and a further sum a day for each man employed by A. in addition to the amount of wages which A. agreed to pay the men.    A. and B. settled the accounts between them monthly, and A. paid his workmen weekly, but their names never appeared on B.'s pay roll. C., while employed by A. on B.'s premises, was injured by the act of another of A.'s workmen, and brought an action against B. under the employers' liability act, St. 1887, c. 270.    *Held,* that the relation of employer and employee did not exist between B. and C.; and that the action could not be maintained.

TORT, under the employers' liability act, St. 1887, c. 270, for personal injuries.    The second count of the amended declaration, which is the only one material to be stated, was as follows : " And the plaintiff says that on or about the twenty-third day of November, 1891, he was in the employ of the defendant, at its factory in Everett, in this Commonwealth, as a carpenter, doing certain work on the buildings of said defendant ; that he

was working under the superintendence and direction of one Fred Johnson, who was in the service of the defendant company, intrusted by it with and exercising superintendence of said work in which the plaintiff was employed; that the superintendence of said work for said defendant was, at that time, the principal duty of said Johnson. And the plaintiff says that said Johnson, in pursuance of his superintendence of said work, negligently and carelessly arranged certain ladders for a standing place, and required one McGregor, a workman in the employ of the defendant, to go upon the same and perform certain work with an iron·bar, which was a tool unfit for the work which he was sent to do; that said ladders were unsafe, improper, and unfit for the purpose, and were so carelessly and negligently arranged and used by said Johnson, that said McGregor was unable to get a safe, proper, and fit standing place in which to perform said work; and that by reason of said McGregor being required to stand upon said improper and unfit place, and use said improper and unfit tool, as aforesaid, to do said work, he was thereby caused to drop, or let fall, said bar of iron, which struck upon the head of the plaintiff and severely injured him, while he was in the exercise of due care and diligence; and the plaintiff says said Johnson carelessly neglected to guard the place where the plaintiff was injured, and to warn him not to come to said place. And the plaintiff says that within thirty days of the time of said injury he gave written notice of the time, place, and cause thereof, as required by the statutes of this Commonwealth."

Trial in the Superior Court, before *Bond*, J., who ruled that the action could not be maintained, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*F. Hutchinson*, for the plaintiff.

*R. M. Saltonstall & R. F. Herrick*, for the defendant.

FIELD, C. J. At the argument, no objection was made that the notice given was not sufficient, or might not have been found by the jury to be sufficient, and it was not contended by the plaintiff that the ladders used could have been found by the jury to be a part of the ways, works, or machinery of the defendant, within the meaning of St. 1887, c. 270, § 1. The plaintiff relied

upon the second count of the amended declaration, and the principal although not the only question argued is whether there was evidence for the jury that Fred Johnson was a servant of the defendant intrusted with and exercising superintendence, and whose sole or principal duty was that of superintendence over the performance of the carpentry work which the plaintiff, with others, was engaged in doing, or whether Johnson, in doing this work, was an independent contractor.

Johnson was employed by the defendant under a continuing contract to do from time to time such carpentry work as was necessary to be done on the buildings occupied by the defendant for the purpose of manufacturing chemicals. The works of the defendant covered an area of about a dozen acres, and were divided into two departments, and over each department was a superintendent. Johnson received his orders for the carpentry work to be done, usually from one of the superintendents. He hired the men to be employed in doing the work, superintended, paid, and discharged them. The defendant paid Johnson $2.50 a day for his work, and twenty-five cents a day for each man employed by Johnson, in addition to the amount of the wages which Johnson agreed to pay the man. So far as appears, Johnson furnished the tools and the defendant the materials required to do the work. Johnson drew money from time to time from the defendant on account of what was due to him, and at the end of each month the accounts between him and the defendant were usually settled. Johnson paid his workmen every Saturday, but their names never appeared on the pay roll of the defendant; they never were paid by the defendant, and the defendant kept no account with them. Apparently Johnson kept workmen in his employ whom he used in performing work for other persons as well as for the defendant.

We think that it was competent for the jury to infer, from all the testimony, that the defendant determined what repairs and alterations requiring carpentry work should be made from time to time, and when and how they should be made, although, when it decided upon what repairs and alterations were to be made, it usually left the manner of making them to the discretion of Johnson. When there are no specifications in advance of what is to be done, and no round price agreed upon, and a carpenter is

employed to make repairs and alterations to the satisfaction of his employer, to be paid according to the amount of work done by the carpenter and the men he employs, it would seem to be a reasonable inference that the employer retains the right to direct the manner in which the carpenter should do the work. The principles which govern the liability of the employer toward strangers for injuries occasioned by the negligence of persons so employed were considered in *Linnehan* v. *Rollins*, 137 Mass. 123.

But the fundamental question in the present case seems to us not precisely that considered in *Linnehan* v. *Rollins*, nor whether Johnson was independent of the defendant in the manner of doing the work, but whether the relation between the plaintiff and defendant, as shown by the evidence, was that of employer and employee. Could the plaintiff have recovered his wages of the defendant if they had not been paid by Johnson? Did Johnson hire the plaintiff on his own account, or as agent for the defendant? At common law, the defendant on the evidence would not be liable to the plaintiff, because, if Johnson was a servant of the defendant in hiring the plaintiff and the other workmen, then the plaintiff, MacGregor, and Johnson were all servants of the defendant, and a master is not liable at common law for the injury to one servant occasioned by the negligence of his fellow servants; and if Johnson was an independent contractor and the plaintiff was his servant, then the defendant would not be liable for any injury occasioned by the negligence of Johnson or of one of his servants, to another of his servants. *Harkins* v. *Standard Sugar Refinery*, 122 Mass. 400. *Morgan* v. *Smith*, 159 Mass. 570.

We are of opinion that the only reasonable inference to be drawn from the evidence in the exceptions is that the plaintiff was an employee of Johnson, and not of the defendant, within the meaning of St. 1887, c. 270, and of the amendments to that statute. It does not appear that Johnson was authorized to hire workmen on account of the defendant, or that the workmen hired by Johnson ever understood that they were to be paid by the defendant, or that the defendant or Johnson so understood. The fact that the defendant retained the right to decide how work should be done on its premises does not of itself make the

workmen employed by Johnson employees of the defendant. Apparently Johnson employed whom he pleased, and directed the men employed by him in the performance of their work, whether upon the premises of the defendant, or upon other premises where he might be doing work. On the evidence, we do not think that the jury could properly find that the relation of employee and employer existed between the parties. See *Reagan* v. *Casey*, 160 Mass. 374.

If the relation of employer and employee did not exist between the parties, then the action cannot be maintained under St. 1887, c. 270, and the remaining exceptions become immaterial. The facts of the case do not bring it within § 4 of the statute, although that section may have some significance in favor of the construction we have here given to the statute.

*Exceptions overruled.*