## WILLIAM T. MUNSIE *vs.* SPRINGFIELD BREWERIES COMPANY.

Hampden.    September 22, 1908. — October 22, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Master and Servant.   Negligence,* Employer's liability.   *Evidence,* Relevance.

At the trial of an action of tort against one owning and operating a brewery, to recover for personal injuries alleged to have been received by the plaintiff owing to the negligent starting of machinery while the plaintiff was working upon it, it appeared that the machinery was started by an employee of the defendant, who, if the plaintiff also was such an employee, was a fellow servant of the plaintiff. All the evidence tended to show that the plaintiff was employed by one J., and was sent by him to perform certain repairs upon the defendant's machinery, that while making such repairs he took all his directions from the defendant, who could change or stop his work at any moment, that he was paid by J., who rendered a bill to the defendant and included therein a charge for the plaintiff's labor. *Held,* that, when injured, the plaintiff was furnished by J. to work as a servant of the defendant, and was such servant, and therefore could not recover since his injury was due to the negligence of a fellow servant.

At the trial of an action of tort for personal injuries, it appeared that the plaintiff was injured by reason of the negligence of one who, if the plaintiff at the time of the accident was in the employ of the defendant, would have been the plaintiff's fellow servant, and therefore a material question was whether or not at

the time of the accident the plaintiff was employed by the defendant. There was evidence that the plaintiff was hired by one J., who from time to time sent him to do repair work for various of his customers. The plaintiff offered to show that, the day before the accident, J., after a telephone message from the defendant, ordered the plaintiff to go to the defendant's brewery and make certain repairs. The evidence was excluded, and the plaintiff excepted. *Held,* that the exception must be overruled, since the evidence offered did not tend to show that the plaintiff when injured was not employed in the defendant's business and subject to his control.

TORT for personal injuries received by the plaintiff and alleged to have been caused by the negligent starting of machinery on premises of the defendant. Writ in the Superior Court for the county of Hampden dated May 11, 1907.

There was a trial before *Wait,* J. At the close of the plaintiff's evidence, the presiding judge directed a verdict for the defendant, and the plaintiff alleged exceptions. The facts are stated in the opinion.

*N. P. Avery,* for the plaintiff.

*C. T. Callahan,* for the defendant.

KNOWLTON, C. J. There was evidence which would have warranted a finding that the plaintiff was injured through the negligence of the defendant's servant Hogan, and that he himself was in the exercise of due care. The evidence tended to show that the plaintiff was working for the defendant in its business at the time of the accident, and was subject to its control in the work in which he was engaged, and was, therefore, a fellow servant of Hogan. The important question in the case is whether there was evidence that would have warranted a finding that, in doing this work, he was not in the defendant's service. Unless there was such evidence he cannot recover.

It appears that he is a machinist, and has been employed for twenty years by J. and W. Jolly. His work there has been "general repair work, new work and going out to mills doing repairs in mills." Under instructions from his employer he went to the defendant's brewery about February 19, and saw Hogan, the engineer. In the engine room were a steam engine and a number of large machines, with connecting machinery. When he arrived in the engine room he asked Hogan what was the trouble. Hogan replied that he "wanted the piston taken out and the bottom heads — the bottom heads of the cylinder. He

wanted the piston rods turned down, and the heads bored out and bushed to fit the piston rods." The plaintiff assisted him in taking them out, which work took about two days and a half. These were taken over to the shop of his general employer, and Hogan went over to the shop and had talk with McDonald, the foreman in charge. Later a message was sent by telephone, and new rods were put in the piston heads. Other work was done, and the pistons were afterwards sent to the defendant's brewery. On March 4 the plaintiff had a conversation with McDonald, and, as a result, took his tools and went to the brewery, passed into the engine room and asked Hogan what was the matter. Hogan told him that the piston rods were left too full on the top side of the piston head. He said that would not do, because it came in contact with the cylinder head. The plaintiff said that could be fixed, and chipped them off and filed them, which work took two hours and a half or three hours. When this was done he inquired of Hogan whether that was all he was to do. Hogan replied: " No, I want you to stay here and help me to put them in." When he stopped work at the end of the day, he asked Hogan whether he should come back and finish it. Hogan said : " Yes, you had better stay and finish your job up." He came back the next day and worked with Hogan cleaning valve seats, and doing different kinds of work about the machinery in getting it ready for use. Hogan himself cleaned the valves, and he told the plaintiff to clean the valve seats. While he was cleaning the valve seats the engine was started and this caused the injury. The plaintiff testified that, as the work progressed from time to time, he followed Hogan's orders and directions. This testimony was undisputed, and was confirmed by other witnesses. McDonald testified that it was the custom of J. and W. Jolly's men, employed in this way, to make their own entries in the time books or time records. It appeared that J. and W. Jolly rendered a bill which was paid by the defendant, and which included a charge for the plaintiff's labor.

All the evidence tends to show that the plaintiff was furnished by his employer to work as a servant of the defendant, and there is no evidence that has any tendency to show that he was there in any other relation. He was employed at the time of the accident in the defendant's business, of which the defendant as proprie-

tor had complete control. While there he took all his directions from the defendant, through Hogan, the engineer, and the defendant could change or stop his work at any moment. Although he was paid by J. and W. Jolly, he consented for the time, at the request of his employer, to enter the service of the defendant, and to become while there a fellow servant with Hogan. The law covering the case is well settled by numerous decisions in this Commonwealth. *Delory* v. *Blodgett,* 185 Mass. 126, and cases cited. *Haskell* v. *Boston District Messenger Co.* 190 Mass. 189, 193.

The plaintiff's exception to the exclusion of testimony must be overruled.* There was no offer to prove, by the excluded testimony, anything tending to show that the plaintiff was not employed in the defendant's business, and was not subject to its control at the time of the accident.

*Exceptions overruled.*

---

* The plaintiff offered to show that his foreman at J. and W. Jolly's, after a telephone message from the defendant's brewery, ordered the plaintiff, on the morning of the day before he was injured, to go over to the brewery and put in the pistons.