PATRICK DEVLIN *vs.* PHILIP NEWFELL & another.

Middlesex.     December 9, 1930. — April 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Agency,* Existence of relation, Independent contractor. *Negligence,* Employer's liability. *Practice, Civil,* Appellate division: report; Appeal.

An owner of land on June 4 made a contract with his brother-in-law "to construct and perfect an excavation for sewer pipe," work to be completed by July 25. A workman in the trench, who had been hired on June 18, was injured on June 22 due to the caving in of the trench caused by its negligent construction, and brought an action in a district court against the owner. The trial judge found that the defendant hired the plaintiff and at that time with the brother-in-law measured the trench to be dug; that he hired another workman on the trench and paid him on two occasions, whereas the brother-in-law paid him on only one occasion; that at times the defendant gave attention to the digging; and that sometimes the brother-in-law was

away on a vacation. There was evidence of work by the brother-in-law, of continual caving as fast as the trench was dug, of a caving-in accident, of absence of the brother-in-law and of full payment of the contract price to the brother-in-law, all before the employment of the plaintiff on June 18. The judge further found that, "despite the contract," the defendant "retained the right to control and manage the digging of said trench and that he at times supervised the work on the trench"; and found for the plaintiff. *Held*, that

(1) While the plaintiff could not make the defendant liable if the contract with the brother-in-law was in force at the time of the plaintiff's injury, the judge was warranted on the evidence in finding that it had been terminated before the plaintiff was hired;

(2) Upon such finding, the finding for the plaintiff was warranted.

The judge of the District Court, in a report of the action above described to the Appellate Division, stated that the plaintiff while exercising due care was injured "due to negligence in the said trench," but did not set out facts which showed directly in what the negligence of the defendant consisted. The report stated: "The issue between the parties is whether the defendant had the control and management of the digging of the trench in question or retained the right and did supervise the digging of the trench." The Appellate Division reversed the finding of the judge and ordered judgment for the defendant. On appeal, it was *held*, that the issue, whether the finding of negligence was warranted, was not open on the report.

TORT. Writ in the Second District Court of Eastern Middlesex dated August 17, 1928.

Facts found by the judge of the District Court and some of the evidence before him are stated in the opinion. The judge found for the plaintiff in the sum of $741.50 and reported the action to the Appellate Division for the Northern District, who ordered the finding reversed and judgment entered for the defendants. The plaintiff appealed.

The case was submitted on briefs.

*T. F. Duffy*, for the plaintiff.

*C. W. Galvin*, for the defendants.

WAIT, J. This is an appeal from an order of an Appellate Division which reversed a finding for the plaintiff by a judge of a district court and directed entry of judgment for the defendants. The plaintiff declared in two counts, one under the employers' liability act, G. L. c. 153, § 1, the other at common law, for an injury caused by the caving in upon him of a trench which he was digging to furnish sewer and water

connection for a house then being constructed on the defendants' premises. The accident happened on June 22, 1928. The judge found that on June 4, 1928, the defendant Philip Newfell, on behalf of himself and the other defendant, his wife, Grace Newfell, the owners of the house, entered into a written contract with a brother-in-law, Williams, by which Williams agreed "to construct and perfect an excavation for sewer pipe and . . . a grade around the Neufell [*sic*] property . . . ." and to "complete in a workmanlike manner all of aforesaid work on or before July 25th, 1928. Meaning and intending thereby to present the premises to aforesaid said Philip Newfell cleared of all refuse and in a presentable fashion on or before the aforesaid date. . . ." He further found that "despite the contract . . . Philip Neufell [*sic*] acting for himself and his wife retained the right to control and manage the digging of said trench and that he at times supervised the work on the trench"; that he hired the plaintiff on June 18, 1928, and, at that time with the plaintiff and Williams measured the trench to be dug; that he hired and paid one Egan who did work on the trench, paying Egan twice while Williams paid him once; that at times he gave attention to the digging; that "sometimes" during the progress of the work Williams was away on vacation; that the plaintiff while exercising due care was injured "due to negligence in the said trench." The report does not set out any orders or instructions with regard to the method of doing the work which were given by the defendants to the plaintiff. Nor does it set out facts which show directly in what the negligence of the defendants consisted. It discloses that the trench was dug through filled land. There was contradictory evidence which admitted of a finding that the sides were not shored or otherwise guarded against falling in.

The report states that "The issue between the parties is whether the defendants had the control and management of the digging of the trench in question or retained the right and did supervise the digging of the trench." By the terms of the contract Williams was an independent contractor. He undertook to dig, complete and deliver a sewer trench. No words of the contract retain to the Newfells any right to

direct or control the method of doing the work, or the actions of the men engaged upon it. While it was in force, Williams was not a servant of the Newfells. No doctrine of *respondeat superior* could make them responsible for his tortious acts. *Dutton* v. *Amesbury National Bank,* 181 Mass. 154. And no relationship of master and servant would exist between the Newfells and men employed in the work called for by the contract. See *Linnehan* v. *Rollins,* 137 Mass. 123. Acts which otherwise might support an inference of such relation, such as payment, inspection, presence on the work, *Hilliard* v. *Richardson,* 3 Gray, 349, *Bradley* v. *Meltzer,* 245 Mass. 41, *Chisholm's Case,* 238 Mass. 412, 419, would be insufficient to sustain that inference. The inference would be rebutted by the fact of the contract. Unless a master and servant relation existed between the plaintiff and defendants, he must fail in this action. The count under G. L. c. 153 obviously is based upon that relationship. The statute deals solely with an action by a servant against his master. *Dane* v. *Cochrane Chemical Co.* 164 Mass. 453. Nor is the count at common law good in the absence of the relation. The right to recovery depends upon the violation of a duty owed by a master to his servant. If, therefore, the contract of June 4 was in full effect on June 22, when the accident took place, there was error in the trial judge's finding.

The trial judge, however, found that it was not. The parties could modify or end it by mutual agreement. The judge has found that, despite the contract, Philip Newfell did retain the right to control and manage the digging. He saw and heard the witnesses. There was evidence of hiring by Newfell for digging, and of paying for digging, — significant, though not controlling; factors in deciding whether a direct relationship of master and servant is created. See *Dutton* v. *Amesbury National Bank, supra,* at pages 156, 157. There was evidence of work by Williams, of continual caving as fast as he dug, and of a caving in accident, all before the plaintiff was employed by Newfell on June 18, of absence of Williams before the employment, of full payment of the contract price to Williams, also before that employment. The judge may have concluded from the

evidence of Philip Newfell's actions, and of his presence at the work, taken in connection with the foregoing, that the contract with his brother-in-law Williams was terminated before June 18, or so far modified that Philip Newfell could properly control and direct the digging of the trench. It cannot properly be said that there was no evidence justifying this finding of fact. We think the Appellate Division wrong in ruling that, because of the contract, there was error in refusing the request, "Upon all the evidence the plaintiff should not recover."

There well may be question whether there was sufficient evidence in the report to justify the finding that the defendants were negligent. The report shows, however, that it was drawn simply to present the issue stated above. It states that it contains all the evidence material to the questions reported. Plainly, evidence on other issues was not fully set out. In view of the findings of negligence and of due care, which in the absence of all the evidence we ought to assume were justified, and of the language referred to, we think the issue of negligence is not open properly on the report. Accordingly the order will be

*Order of Appellate Division reversed.*
*Judgment for plaintiff on finding of*
*trial judge.*