## HEBERT v. BLAIR et al.*
No. 4292.

Court of Appeal of Louisiana. Second Circuit.

June 29, 1932.

Jackson & Smith, of Shreveport, for appellants.

Parsons & Colvin, of Mansfield, for appellee.

McGREGOR, J.

The plaintiff in this case demands compensation from the defendant at the rate of $20 per week for a period of five weeks, and for $20 for medical expenses, all based on the Workmen's Compensation Law (Act No. 20 of 1914, as amended).

Plaintiff is a member of the firm of Pugh, Hebert & Woodward, operators of a service garage in the town of Mansfield. The defendant Algernon Blair is a resident of Montgomery, Ala., and had the contract to build and erect a post office building for the United States government in Mansfield. In the construction of this building, the defendant used a concrete mixer which was operated by means of a gasoline engine. This gasoline engine got out of fix and needed repairing.

Upon inquiry, defendant's foreman learned that the plaintiff and his two associates were engaged in a business or occupation that included the repairing of machinery, and particularly gasoline engines. He immediately got in touch with the plaintiff, and made arrangements with him to fix the said engine and to put it in condition to do the work required of it.

Plaintiff examined the engine at once and made some temporary adjustments so that it would complete the day's work, and then at 6 o'clock p. m., that same day, he and one of his partners in the business went to where the engine was, and, after examining it, discovered that the valves needed grinding and the governor needed adjusting. After all these repairs were made and every part of the motor or engine had been properly put in place, plaintiff undertook to start the engine by cranking it in order to see whether it would run or operate properly. While he was thus cranking the engine, it back-fired, and the crank handle or lever struck plaintiff's hand and injured it so that he was totally disabled for a period of five weeks.

Demand was made upon the defendant for $120 under the terms of the Workmen's Compensation Law, which was refused. Suit was filed, and upon trial the lower court granted judgment in favor of the plaintiff as prayed for, and the defendant has appealed.

Opinion.

Defendant resists the demand of the plaintiff on the ground that he is an independent contractor and not an employee.

Plaintiff and his two partners were engaged in the business of serving the public in a certain line—that of repairing automobiles and smaller machinery. Their business was hazardous within itself, and, if any of their employees should be hurt, they themselves would be liable for a compensation under the Workmen's Compensation Law.

Section 3, subsection 8, of the Workmen's Compensation Law (Act No. 85 of 1926, p. 113), defines the term "independent contractor" as follows: "The term 'independent contractor' shall be considered to mean, for the purpose of this act, any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished."

Under the plain letter of this definition, it appears evident that the service that plaintiff contracted to render to the defendant was to be rendered in his capacity as an independent contractor and not as an employee. Plaintiff undertook to render a service for a specific recompense to be based on the amount of time required to do the work, at the regular rate per hour for his services as a mechanic. This service was to accomplish a specified result; namely, the putting of a gasoline engine in good running order so that it would do the work it was supposed to do. The means by which this result was to be accomplished were not under the control of the defendant, but entirely of the plaintiff himself.

*Rehearing denied July 14, 1932.

The question as to what distinguishes an employee from an independent contractor is so well settled and has been decided so many times in all the states it would serve no useful purpose to submit a long list of citations, but we select a few outstanding ones distinguishing between these two kinds of employment.

"An independent contractor is one who carries on an independent business, and in the line of *his* business is employed to do a job of work, and in doing it does not act under the direction and control of his employer, but determines for himself in what manner the work shall be done." (Italics ours.) McCarthy v. Second Parish, 71 Me. 318, 36 Am. Rep. 320; Keyes v. Second Baptist Church, 99 Me. 308, 59 A. 446; Mitchell's Case, 121 Me. 455, 118 A. 287, 33 A. L. R. 1447.

The above citation fits the case at bar like a glove. The plaintiff and his partners carry on an independent business in the town of Mansfield, and serve the public through their particular line of business. In the line of his business plaintiff, a member of the firm, undertook to repair a gasoline engine for the defendant. In doing this repair job plaintiff was not under the direction or control of the defendant, but he determined for himself in what manner the work should be done.

"An 'independent contractor' is one who, exercising an *independent employment*, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer except as to the result of the work." (Italics ours.) Words and Phrases, Second Series, Vol. 2, 1034.

"One who contracts with another to do a specific piece of work for him * * * and who furnishes and has the absolute control of his assistants, and who executes the work entirely in accord with his own ideas, or with a plan previously given him by the person for whom the work is done, without being subject to the latter's orders in respect to the details of the work, with absolute control thereof, is not a servant of his employer, but is an independent contractor." Brown v. Smith (Ga. Sup.) 22 Am. St. Rep. 463.

Lutheran Hospital v. Industrial Commission, 342 Ill. 325, 174 N. E. 381, 384. In this case the plaintiff sought compensation on account of the death of her husband, who was engaged in the general business of repairing machinery. A pump on the premises of the hospital needed repairing, and the deceased was sent for and employed to do the work. While he was on the job, he lost his life, and his widow sued the hospital under the Workmen's Compensation Law of Illinois. The arbitrator held, in effect, that the deceased was an independent contractor. Upon review, the Industrial Commission found just the reverse and awarded compensation in the sum of $4,100. The case was then appealed to the Supreme Court, and that tribunal held that the status of the deceased was that of an independent contractor on the ground "that the manner in which the end was to be accomplished was to be left entirely with him, and that the hospital retained no control over the details of procedure."

Plaintiff offers his service to the public as a repairer of automobiles. If defendant's foreman had driven his automobile into the garage to be repaired, and if, while plaintiff was working on it, he had been injured, surely it could not be contended that defendant would be liable under the Workmen's Compensation Law. And yet that case would be parallel with the one at bar.

Counsel for plaintiff cite several cases involving the hauling of gravel in road construction work. In all these cases the haulers were held to be employees and not independent contractors, on the theory that the haulers were under the direct control of the employers at every point and in every movement. The cases are not applicable to the one at bar.

The question as to whether the repairing of this engine was a part of the business in which defendant was engaged is immaterial for the purpose of deciding the right of plaintiff to compensation under the law, for the reason that, whether such repairing is or is not included in the business in which the defendant is engaged, plaintiff performed the service as an independent contractor and not as an employee. If plaintiff had employed other mechanics to do the work, the situation might have been different, for the reason that the law makes provisions for the employees of independent contractors to enjoy the benefits of the Compensation Act. In that case, it would be necessary to determine whether the service rendered fell within the business engaged in by the defendant.

Having found that plaintiff was engaged in a business of his own and that the service he rendered to the defendant was rendered in the capacity of an independent contractor, it necessarily follows that the judgment of the lower court is erroneous and will have to be reversed.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the lower court appealed from be, and the same is hereby, reversed, annulled, and set aside, and the demand of the plaintiff rejected and his suit dismissed at his costs in both courts.