CHARLES E. PARKER *vs.* FRANK TAYLOR.

RAYMOND F. IRWIN, administrator, *vs.* SAME.

Middlesex.     February 5, 1936. — July 1, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Agency*, What constitutes, Independent contractor. *Negligence*, Independent contractor, One owning or controlling real estate.

A master painter, engaged, with his "painter's gear," by a house owner to paint the house for certain amounts per day for his work and for his gear, the owner furnishing the paint and hiring a helper for the painter, in the absence of evidence showing that the owner retained the right to control the painter in the details of the work, could not properly be found to have been an employee of the owner to whom the owner would be liable for injury caused by a defect in the gear.

An experienced painter, hired by a house owner to help a master painter who had been engaged with his "painter's gear" as an independent contractor to paint the house under a contract providing for the furnishing of a helper, in the absence of evidence of retention of the right of control by the owner over the helper as to the details of the work, could not properly be found to have been an employee of the owner, and, without evidence of negligence of the owner in selecting the master painter, there was no liability of the owner at common law or under the employers' liability act for conscious suffering or death resulting to the helper from a defect in the master painter's gear.

Two ACTIONS OF TORT. Writs in the Superior Court dated November 21 and December 12, 1931.

The actions were tried together before *Walsh*, J., who, at the close of the evidence for the plaintiffs, ordered a verdict for the defendant in each action and reported them for determination by this court.

*W. Temple*, for the plaintiff Parker.

*C. P. Tucker*, for the plaintiff Irwin.

*J. T. Pugh*, (*J. M. Joslin* with him,) for the defendant.

FIELD, J. These two actions of tort were tried together. One of them was brought by Charles E. Parker, the other by Raymond F. Irwin, administrator of the estate of James H. Irwin. They arose out of the breaking of a ladder used as the "bed" of a staging upon which Parker and the intestate Irwin were working, painting the defendant's house. Both fell when the ladder broke and were injured. Irwin died about two weeks after the accident.

The declaration in the Parker case is in one count at common law for negligence of the defendant in furnishing a defective staging.

The declaration in the Irwin case is in four counts: (1) a count at common law for negligence of the defendant in furnishing a defective staging, (2) a count at common law under an alleged special contract to furnish a staging and for negligence in furnishing a defective staging, (3) a count under the employers' liability act for personal injury resulting in the death of the intestate caused by reason of a "defect in the ways, works, machinery or equipment connected with and used in the painting business of defendant" and (4) a count under the employers' liability act for conscious suffering of the intestate resulting from such personal injury. See G. L. (Ter. Ed.) c. 153, § 1; c. 229, §§ 4, 7.

The judge, in each case, being of opinion that there was no evidence of negligence of the defendant, directed a verdict for him and reported the case upon a stipulation that if the verdict was directed rightly judgment should be entered thereon, but if not, judgment in an agreed amount should be entered for the plaintiff.

The evidence in its aspect most favorable to the plain-

tiffs tended to show these facts: The plaintiff Parker was a master painter of fifty years' experience and "the owner of painter's gear, consisting of ladders, tackle, etc., used in painting buildings." The intestate Irwin was a painter of many years' experience. The defendant was a manufacturer and owner of a mill, two tenement houses and two private garages adjacent thereto. He owned and lived in a house adjacent to the mill. Parker — according to his testimony — "talked . . . with the defendant who wanted his residence painted two coats . . . he told defendant he would work for $4 a day and $1 a day for the gear, including brushes, the defendant to furnish best lead and oil for paint, which Parker was to mix; he told defendant he would have to have another man to help him; he knew a good man, Irwin, and would send him and defendant could hire him, and defendant later told him he had hired Irwin." The defendant and Parker together selected the colors. The defendant hired Irwin for $4 a day to help Parker and told Irwin "the house was out there." The "painter's gear" was "delivered by Parker on the defendant's premises," and on the same day or the next day Parker and Irwin began painting. Both Parker and Irwin were paid weekly by the defendant by cash or checks. Several times the defendant permitted two men from his mill to help the painters raise the ladders. The painters erected a staging, using as the "bed" of it a ladder which was a part of the "painter's gear" belonging to Parker. While they were on the staging engaged in painting, the staging broke "on both sides at a point approximately midway of the ladder" and the painters fell and were injured, Irwin dying later as a result of his injuries. There was evidence that the ladder was defective. There was, however, no evidence that the defendant gave any instructions in respect to the method of using the "painter's gear," erecting the staging or doing the painting, or had anything to do with erecting the staging.

1. The verdict was directed rightly for the defendant in the Parker case. The plaintiff in this case contends that he was a servant or employee of the defendant and not an

independent contractor. He had the burden of proof on this issue. *Sluzis's Case*, 292 Mass. 351, 355. A finding that he was such a servant or employee was not warranted. The evidence tended to show that the plaintiff was an independent contractor for painting the defendant's house two coats, using the plaintiff's "painter's gear" and being assisted by a painter to be hired by the defendant. But the evidence did not show, directly or by reasonable inference, the fact, essential to the existence of the relation of master and servant, of retention by the defendant of the right to direct and control this plaintiff in all the details of the work to be performed. So far as appears the plaintiff was responsible to the defendant only for accomplishing the result agreed upon in the way agreed upon. *McDermott's Case*, 283 Mass. 74, 76. *Lappen* v. *Chaplik*, 285 Mass. 65, 68. That the defendant furnished the paint and, with this plaintiff, selected the colors obviously is not inconsistent with this conclusion. Nor are the terms and mode of payment by weekly payments at a daily rate for this plaintiff's services and the use of his "painter's gear" in separate amounts inconsistent therewith. See *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236, 238. So far as appears the plaintiff was in the ordinary position of an independent contractor supplying his own instrumentalities. Compare *Centrello's Case*, 232 Mass. 456; *Towne's Case*, 254 Mass. 280; *Sluzis's Case*, 292 Mass. 351, 354. He was in no different position because of the division of the daily rate of pay, since it could not have been found that the defendant hired this plaintiff's "painter's gear" independently of the contract for painting the house or acquired any right to control the use of the "painter's gear." And a right of control by the defendant of the details of the work could not be inferred from the evidence that, in accordance with his agreement with this plaintiff, the defendant hired and paid Irwin to help the plaintiff Parker do the work undertaken by him of painting the house. Clearly the defendant owed no duty to this plaintiff, an independent contractor supplying his own instrumentalities for doing the work agreed upon, to use care to see to it that such instrumen-

talities were not defective. The "painter's gear" had not passed into the control of the defendant so that he became responsible for it as for his own property. Compare *Ladd v. New York, New Haven & Hartford Railroad*, 193 Mass. 359, 362. And, aside from the defective ladder, there was no evidence of negligence on the part of the defendant.

2. The verdict was directed rightly for the defendant in the Irwin case. The evidence warranted no finding more favorable to the plaintiff than that his intestate was hired by the defendant to help Parker, an independent contractor, to do work which Parker had agreed to do and which was under his control, without control or direction in details by the defendant. There was no evidence that the defendant by his agreement with Irwin retained any right to direct or control him while he was helping Parker or in fact directed or controlled him — beyond pointing out to him the house which was to be painted. It could not have been found that Irwin in helping Parker was the servant or employee of the defendant. So far as appears Irwin, though paid by the defendant, was hired by him to be the servant or employee of Parker, accepted this relationship and took his orders from Parker. See *Delory* v. *Blodgett*, 185 Mass. 126; *Munsie* v. *Springfield Breweries Co.* 200 Mass. 79, 82; *Scribner's Case*, 231 Mass. 132, 134. In these circumstances the defendant would not be liable for an injury sustained by the intestate Irwin caused by the negligence of Parker, an independent contractor, arising either from the use by him of defective instrumentalities or the manner of using them (*Harkins* v. *Standard Sugar Refinery*, 122 Mass. 400, 403–404, *Devlin* v. *Newfell*, 275 Mass. 279, 282) in the absence, as here, of negligence on the part of the defendant in selecting such independent contractor. No ground of liability based on the nature of the work to be performed is shown. See *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569, 570; *Herrick* v. *Springfield*, 288 Mass. 212, 216–217. Furthermore, in the absence of the relation of master and servant between the intestate Irwin and the defendant there can be no recovery on the counts under the employers' liability act. G. L. (Ter. Ed.) c. 153; c. 229, §§ 4, 7–11. *Dane* v.

*Cochrane Chemical Co.* 164 Mass. 453, 457. *Devlin* v. *New-fell*, 275 Mass. 279, 282. Whether the direction of a verdict could be sustained on other grounds need not be decided.

It follows that, in each case, under the stipulation judgment must be entered for the defendant.

*So ordered.*