## F. A. Bartlett Tree Expert Company *vs.* William D. Barrington.

Middlesex.   January 3, 1968. — February 2, 1968.

Present: Wilkins, C.J., Spalding, Cutter, Kirk, & Reardon, JJ.

*Contract,* Of employment, Termination.

In the circumstances, an original contract of employment of a salesman was terminated by mutual consent of the parties where it appeared that after working under that contract for some years the salesman's remuneration and sales area were changed substantially and that still later he became a district sales manager in a new area and with a new basis of remuneration.

Bill in equity filed in the Superior Court on April 28, 1966.

The suit was heard by *Beaudreau,* J.

*Carlton W. Spencer (John A. McGuinn* of Connecticut and the District of Columbia, with him) for the plaintiff.

*Robert W. Meserve (Gordon L. Doerfer* with him) for the defendant.

Spalding, J.   The plaintiff brings this bill in equity to enjoin the defendant from violating a restrictive covenant in an employment contract.   The judge made findings of fact and ordered the bill dismissed.   From a decree in accordance with this order, the plaintiff appealed.   The evidence is reported.

We summarize the findings as follows: The plaintiff is engaged in the business of general tree care, tree surgery and utility line clearance.   The defendant entered the plaintiff's employ on January 19, 1948, and remained there until his resignation as of January 8, 1966.   The defendant then started his own business in which he performed both tree care and general landscaping services.   Upon entering the plaintiff's employ the plaintiff and defendant entered into a written contract which either party could terminate

on ten days' notice. Under paragraph 5 (d) of the contract the defendant agreed "not to engage for a period of two years from the termination of this contract in the same or similar line of business as that carried on by the employer, or work for any individual, firm or corporation engaged in such line or similar line of business, within any area which may at any time be assigned to the employee by the employer during the existence of this contract."

The crucial issue, as stated by the judge, is "whether . . . the 1948 contract was in effect on January . . . [8] 1966, when the defendant terminated his employment with the plaintiff." More precisely, the issue is whether the restrictive covenant contained in that contract was operative when the the defendant left the plaintiff's employ.[1]

No contention is made that the covenant is unenforceable. It is reasonably limited both as to space and time and, if operative, would be enforceable against the defendant in the event of a breach. *Walker Coal & Ice Co.* v. *Westerman,* 263 Mass. 235, 238–239. *Economy Grocery Stores Corp.* v. *McMenamy,* 290 Mass. 549, 551. *New England Tree Expert Co. Inc.* v. *Russell,* 306 Mass. 504, 510–511. The plaintiff concedes that if the covenant contained in the 1948 contract was violated the two year period has now expired and it seeks only damages.

Under the 1948 contract the defendant was hired to work "in the capacity of [s]alesman under the Bartlett Sales Plan dated April 1, 1943." Paragraph 6 of the contract recited that the defendant was familiar with that plan and was to be paid in accordance with the rate fixed by it. The defendant worked as a salesman under the Bartlett plan from 1948 to 1960. In 1960 and again in 1965 certain changes in the terms of employment were made. These changes, as found by the judge, in substance were as follows: In 1960 the plaintiff introduced a new sales plan, known as Sales Plan No. 3, under which it required the defendant to

---

[1] Most of the evidence consisted of documents and a pre-trial deposition of the defendant. In these circumstances, as the plaintiff suggests, we are virtually in the same position as the trial judge was. See *Skil Corp.* v. *Barnet,* 337 Mass. 485, 488.

work. This plan made substantial changes in the defendant's remuneration and in his sales area. At the time of these changes the plaintiff submitted a written contract incorporating the new terms to the defendant, who refused to sign it and sent it back to the plaintiff. The defendant, nevertheless, worked under the new plan until January 1, 1965, when he became a district sales manager in a new area with a new basis of remuneration.

The judge concluded that the conduct of the parties shows a clear new employment contract in both 1960 and 1965 and that the 1948 contract was abandoned and rescinded by mutual consent.

There was no error.

The defendant worked under the 1948 contract for twelve years. In 1960, the defendant's rate of compensation and sales area were changed. Such far reaching changes strongly suggest that the parties had abandoned their old arrangement and had entered into a new relationship.[2]

The changes occurring in 1965 are more fundamental than those of 1960. In 1965 the defendant was promoted from salesman to district sales manager and assumed new responsibilities. Once again the defendant's remuneration and territorial duties changed. It cannot be said, as the plaintiff argues, that the general purposes of the 1948 contract remained undisturbed by the changes in pay, work area or position. There are undoubtedly situations where changes of this sort amount to no more than modifications of the original agreement, leaving the other provisions in effect. This is not such a case. An examination of the 1948 contract reveals that, in addition to references to pay, territory and position, it contains only a restrictive covenant and a termination clause. It is hard to see how changing pay and territory in 1960 and changing pay, territory and position in 1965 amount to mere modifications of the 1948 contract.

---

[2] In this connection it is perhaps worth noting that the 1960 contract, unsigned by the defendant, stated that "[t]his employment contract supersedes any prior employment agreement, contract or sales plan agreement by the parties hereto."

The conduct of the parties from 1960 to the date the defendant terminated his employment relationship with the plaintiff is inconsistent with an intention that the 1948 contract be continued in effect. *Devlin* v. *Newfell*, 275 Mass. 279. See *Hanson & Parker, Ltd.* v. *Wittenberg*, 205 Mass. 319, 326–327; Restatement: Contracts, § 406, comment b. We agree with the conclusions of the judge that the 1948 contract was inoperative when the defendant terminated his employment with the plaintiff.[3]

*Decree affirmed with costs*
*of appeal.*

---

[3] We are mindful that the judge found, if material, that it was the plaintiff who violated the 1965 contract by cutting down the defendant's territory, increasing the salesmen therein, and terminating the guaranty, without first consulting the defendant. In reaching our result no reliance was placed on this finding. The defendant stated at the arguments that he did not press this finding.