The defendant, Debra Feldman, appeals from a judgment confirming a partial arbitration award. Relevant here, the confirmation of that award enjoined Feldman, formerly employed by the plaintiff, H & R Block Eastern Enterprises, Inc. (H & R Block), to prepare tax returns, from soliciting business from or providing tax preparation services to certain H & R Block clients through August 30, 2018. We affirm.
The relevant facts are set forth in the arbitrator's partial award and summarized in the motion judge's decisional memorandum, so we do not set them forth in detail here. The case involves H & R Block's efforts to enforce restrictive covenants contained in Feldman's October, 2013, employment contract (2013 agreement). Those restrictive covenants prevented Feldman, for two years after she left H & R Block, from providing tax preparation services to, or soliciting, "Company Clients" of H & R Block. "Company Clients" was a defined term-essentially, customers whom Feldman serviced during the term of the 2013 agreement or in the year prior to its effective date. The covenants are not a general noncompetition clause and so do not prevent Feldman from providing tax preparation services in her geographic area. Instead they limit the clients she may solicit or serve by making her former H & R Block clients off-limits. The arbitrator found that Feldman had violated the covenants with respect to "Company Clients" and the motion judge entered the injunction at issue.[2]
Review by the courts of an arbitration award is very limited. With only very limited exceptions we are bound by the arbitrator's factual findings and legal conclusions. See 9 U.S.C. § 10(a) (2012) ; United Paperworkers Intl. Union v. Misco, Inc., 484 U.S. 29, 38 (1987) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision").[3]
Feldman's primary argument is that the restrictive covenants in her 2013 agreement were superseded. Her theory is that in April, 2014, she terminated her employment under the 2013 agreement, and thereafter entered into a new employment arrangement (until November, 2014), again with H & R Block. Feldman claims that her new, post-April, 2014, arrangement was governed by H & R Block's "pre-season" offer letter, which did not explicitly restate the restrictive covenants of the 2013 agreement. In other words, Feldman invokes the so-called "material change" doctrine drawn from F.A. Bartlett Tree Expert Co. v. Barrington, 353 Mass. 585 (1968), arguing that her continued employment with the same employer, but allegedly with markedly different job duties and terms, obviated the terms of the 2013 agreement. Based on that premise Feldman suggests that the arbitrator's decision can be overturned, because his alleged failure to properly apply Bartlett Tree contravenes the agreement's plain language and disregards applicable law. See Cytyc Corp. v. Deka Prods. Ltd. Partnership, 439 F.3d 27, 33 (1st Cir. 2006) (under Federal Arbitration Act an award may, in rare cases, be set aside where it "contravenes the plain language of the applicable contract" or "it is clear from the record that the arbitrators cavalierly disregarded applicable law").
The defendant's argument is unavailing. The arbitrator considered Feldman's "material change" argument and rejected it, and given our limited scope of review that decision will not be overturned. The arbitrator's written decision addresses the applicable law, including Bartlett Tree.[4] The decision evidences careful attention and thought. As noted, under the applicable standard of review, we will not overturn an award as "long as the arbitrator is even arguably construing or applying the contract." Mercy Hosp., Inc. v. Massachusetts Nurses Assn., 429 F.3d 338, 343 (1st Cir. 2005) (quotation omitted). Particularly given that the restrictive covenants in Feldman's 2013 agreement explicitly extended for two years after termination, that the agreement contained an explicit survival clause, that Feldman did not sign a new agreement for the post-April, 2014, time frame, and that the "pre-season" offer letter in any event contained no language modifying or waiving any terms in the 2013 agreement, the arbitrator's contractual interpretation is at the very least arguable. As such, the award must stand. See ibid. See also Cytyc Corp., supra.
Most of Feldman's remaining arguments, including her assertions that both the arbitrator and H & R Block engaged in misconduct and fraud, were carefully considered and rejected by the motion judge in his confirmation of the arbitrator's final award. We have little to add to the judge's observations, which we endorse, and need not comment further. As a result we need not address H & R Block's argument that Feldman waived her right to challenge the arbitral award. The non-record materials Feldman now proffers (including the purported July, 2017, email) were not before the motion judge or arbitrator; therefore, they are not properly before us, and we do not consider them. See Mass.R.A.P. 18(a), as amended, 425 Mass. 1602 (1997); Delisle v. Commonwealth, 416 Mass. 359, 361 n.2 (1993). Neither do we consider arguments that Feldman raises here for the first time. Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).
Judgment affirmed.

Under the 2013 agreement, the restricted period could be tolled if Feldman was in violation of the covenants or in litigation with respect to same. As the arbitrator found the defendant was in violation of the 2013 agreement for the 2015 and 2016 tax seasons, the arbitrator concluded that the defendant should be enjoined from providing services to "Company Clients" for two years from the issuance of his order, resulting in an order enjoining the defendant through August 30, 2018.

The 2013 agreement provides that any arbitration will be governed by the Federal Arbitration Act, and also provides that the parties can confirm the award in any court of competent jurisdiction. We accordingly look to Federal law for the standard of review. See McInnes v. LPL Financial, LLC, 466 Mass. 256, 262 (2013).

The arbitrator specifically cited to Bartlett Tree, considered the parties' thirteen-year working relationship in detail, and specifically found that Feldman "had the same duties and performed the same work" both before and after April 16, 2014. From this careful consideration the arbitrator concluded that "there was no 'material change' in the employment relationship between" Feldman and H & R Block, that is, that the parties did not intend to create a new contract, and that the restrictive covenants contained in the 2013 agreement therefore remained in effect.