SAMUEL TAUNTON *vs.* DOROTHY B. HOAR.

Suffolk.    November 16, 1934. — November 17, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence,* In use of heating apparatus, Toward independent contractor, Of one owning or controlling real estate.

A finding of negligence on the part of the defendant was not warranted at the trial of an action for personal injuries, on evidence that the plaintiff went to the defendant's house to ascertain what was the matter with a boiler of a type commonly used in heating dwellings, and that he discovered that there was no water in the boiler, informed the defendant of that fact and advised him as to what should be done, and was about to do it when the boiler exploded, causing his injuries.

TORT.    Writ dated February 4, 1930.

The action was tried in the Superior Court before *Sisk,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged an exception.

*F. H. Harding,* for the plaintiff, submitted a brief.

*K. C. Parker,* for the defendant.

BY THE COURT. This is an action of tort to recover compensation for personal injuries sustained by reason of the alleged negligence of the defendant. The plaintiff was a licensed engineer. He was sent by his employer to the home of the defendant and was told that the boiler gave out no heat although a fire had been built under it; it was making a rumbling noise; the defendant asked the plaintiff to look at it and see what was the matter with it.

He did so, discovered that there was no water in the boiler, and so informed the defendant. He advised raking out the fire and letting the boiler cool so that water could be put in it. As he was about to draw out the fire the boiler exploded, causing the injuries. It was the type of boiler commonly used in heating dwelling houses.

The judge rightly directed a verdict for the defendant. There was no evidence of negligence on her part. The plaintiff went to her house to discover and remedy the trouble of which the defendant was ignorant. He was in the position of an independent contractor who made his own investigation and acted on his own judgment. *Archer* v. *Eldridge*, 204 Mass. 323, 326. *Brogna* v. *Capodilupo*, 279 Mass. 586. See *Boisvert* v. *Ward*, 199 Mass. 594.

*Exceptions overruled.*