CHARLES S. CROCKER *vs.* ALEXANDER MacLEAN.

Middlesex.     March 7, 8, 1938. — May 24, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, DOLAN, & COX, JJ.

*Agency*, What constitutes, Independent contractor. *Negligence*, Independent contractor.

Evidence that the owner of a building being altered, negotiating with two painters as independent contractors and being told by them that it was impossible to make a contract price, engaged them to paint the building at a price per day for each, they furnishing gear, and he furnishing materials and indicating the work to be done but not directing or controlling them in the details of the work, did not warrant a finding that they were employees nor subject him to liability for injuries caused to one of them through negligence of the other.

TORT. Writ in the Superior Court dated May 11, 1936.

A verdict for the plaintiff in the sum of $7,500 was recorded subject to leave reserved by *Goldberg,* J., who afterwards ordered the entry of a verdict for the defendant. The plaintiff alleged exceptions.

*E. H. R. Burroughs,* for the plaintiff.

*F. R. Walsh,* (*J. P. Fagan* with him,) for the defendant.

LUMMUS, J. The defendant, who was not insured under the workmen's compensation act, owned on April 10, 1936, a skating rink in Revere, then under alterations, and wished to have it painted. The plaintiff had been a journeyman painter for thirty years, and never had had a shop or a business of his own. He had been out of work for a year. He and one Hazleton, "who had done a little of everything, some painting off and on," went out in the latter's automobile on that day, looking for work. They noticed that alterations were being made in the skating rink, and asked the defendant whether he had engaged a painter. The defendant told the plaintiff and Hazleton that he had not, and that they might give him a figure on the job. Discovering that the defendant did not know just what alterations would be made, the plaintiff told him that it was impossible to make a contract price, but that they (the plaintiff and Hazleton) would take the job for $4 a day each, for eight hours work, and "let you [the defendant] have my [the plaintiff's] gear." The material was to be furnished by the defendant. The defendant assented, and a few days later they began work. The defendant told them what colors he wanted, and where on the building they were to begin. Carpenters were still at work, and they followed the carpenters, painting where they could, without specific instructions. The first time they were paid, they were told by the defendant that "we keep a day back on every man who works on this building, you will get it later."

The staging used belonged to the plaintiff, and was part of the "gear" that he furnished. Shifting its position required one man on the roof and the other on the ground. It was suspended from two curved hooks about two feet long, the point of each of which was placed in a hole in a

wooden cleat which had to be fastened by nails to the roof in the new position desired. Hazleton undertook to fasten the cleats to the roof, but negligently failed to do so securely. The result was, that when the plaintiff was on the staging, about twelve feet above the ground, it fell, and the plaintiff was hurt.

The jury returned a verdict for the plaintiff. If Hazleton was a servant of the defendant, the verdict was warranted. The defendant in that case would be responsible for the negligent act of his servant Hazleton, even to his fellow servant the plaintiff. *Demaris* v. *Van Leeuwen*, 283 Mass. 169. *Greem* v. *Cohen*, 298 Mass. 439. On the contrary, if Hazleton was not a servant but one of two independent contractors, the defendant is not liable.

The distinction between a servant and an independent contractor is easy to draw in words but hard to apply to concrete facts. It was drawn in *McDermott's Case*, 283 Mass. 74, and *Sluzis's Case*, 292 Mass. 351, in which the general principles were restated. It was applied in *Parker* v. *Taylor*, 295 Mass. 51, to facts strikingly similar to those in this case. It was there said (page 54), "The evidence did not show, directly or by reasonable inference, the fact, essential to the existence of the relation of master and servant, of retention by the defendant of the right to direct and control this plaintiff in all the details of the work to be performed. So far as appears the plaintiff was responsible to the defendant only for accomplishing the result agreed upon in the way agreed upon."

In the present case we think that the plaintiff has not satisfied the burden that was on him to produce evidence warranting an affirmative finding that Hazleton was a servant of the defendant. The directions given by the defendant to the plaintiff and Hazleton did not go beyond the definition and designation of the work to be done, and did not indicate a right in the defendant to direct and control every detail of the work. The defendant clearly indicated in the first place that he wished to engage independent contractors at a contract price for the whole job. The contract price proved impossible, but the record con-

tains no indication that the defendant abandoned his idea of engaging independent contractors. The evidence for the plaintiff was that he and Hazleton said that "we" will "take the job".and "do it for four dollars a day" and the plaintiff undertook to "let you [the defendant] have my gear." The entry of a verdict for the defendant under leave reserved was right.

.          *Exceptions overruled.*