DOMINICK ROZZI *vs.* MICHELE CAGGIANO.

Suffolk.    May 19, 1941. — January 29, 1942.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Motor Vehicle*, Operation.    *Proximate Cause.*

One who, having parked upon a public way a motor truck which was not registered, returned to it after two hours and, while placing a package in the back of it, was struck by a vehicle from the rear and, as he sought in vain to extricate himself, was struck a second time, was guilty of illegal operation of the truck and had no right of recovery against the operator of the second vehicle without proof of wilful, wanton or reckless misconduct on his part.

TORT. Writ in the Municipal Court of the City of Boston dated March 18, 1939.

Upon removal to the Superior Court, the case first was heard by an auditor, who found that the plaintiff, after he had parked the truck as stated in the opinion, "got out . . . and went across the street into a store where he purchased . . . cheese . . . came out of the store carrying his . . . box of cheese . . . met the defendant and stopped to talk with him, and after a short conversation . . . continued to the rear of the truck where he started to put the box containing the cheese in the rear of the truck. While so doing, standing behind the truck," he was

struck by the defendant's truck "pinning him against the bumper of the truck in front of him."

The case was tried before *Swift*, J., upon the auditor's report and other evidence which was to the effect further that the plaintiff had left the truck, parked as above described, for two hours, that after he was struck by the defendant's truck he tried to get onto the sidewalk but could not move, that he had one hand on his truck and one on his leg, that then the defendant's truck struck him again, and that he might have been disabled by the first blow.

"It was agreed that at the time of the accident the plaintiff's truck was a trespasser on the highway, but the plaintiff claimed that between the first and second contacts his status changed to that of a pedestrian not engaged in operating or loading the said truck." The status of the plaintiff at the time of the second contact was left to the jury with instructions that if he was "actively engaged in the operation of" his truck, he could not recover, and that he could recover "only on the theory that he was a pedestrian on the highway."

A motion by the defendant that a verdict be ordered in his favor was denied. There was a verdict for the plaintiff in the sum of $2,000. The defendant alleged exceptions.

*S. P. Sears*, for the defendant.

*T. B. Shea*, (*J. Graglia* with him,) for the plaintiff.

LUMMUS, J. The plaintiff and his partner owned a truck which was registered in Maine in the name of the latter. On December 7, 1938, the plaintiff drove the truck to Boston and parked it on Fleet Street, a few feet in front of the defendant's truck. The defendant started up his truck and hit the plaintiff twice, injuring him. This is an action of tort for alleged negligence. No wilful or wanton misconduct was alleged or proved.

Assuming that the plaintiff's truck was properly registered in Maine, he cannot recover. The case is covered by *VanDresser* v. *Firlings*, 305 Mass. 51, for the plaintiff first entered the Commonwealth with his truck during the year 1938 in March of that year. His right to operate it in this Commonwealth expired at the end of thirty days. His

illegal act in operating the truck was a unit, and had not ceased to exist before the entire injury was done. *Blair* v. *Boston Elevated Railway*, 310 Mass. 1, 3, and cases cited. *Query* v. *Howe*, 273 Mass. 92, 96.

> *Exceptions sustained.*
> *Judgment for the defendant.*