JACOB NOBLE *vs.* JOSEPH GREENBAUM.

Suffolk.     May 8, 1942. — June 23, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Workmen's Compensation Act,* To whom act applies.  *Agency,* What constitutes.  *Evidence,* Presumptions and burden of proof.

In an action at law for personal injuries sustained while the plaintiff was engaged in moving goods for the defendant, an insured under the workmen's compensation act, testimony by the plaintiff that he was an employee of the defendant was binding on the plaintiff and required a finding accordingly in the absence of other evidence more favorable to him.

An employee hired to move business goods of his employer in his own motor truck was, under G. L. (Ter. Ed.) c. 152, § 26, an employee within the workmen's compensation act, under which his employer was insured, when he was injured by a machine falling upon him while it was being lowered from the truck to the street, irrespective of whether the moving of the goods was in the usual course of his

employer's business and even if, when injured, he was momentarily not assisting in the work; and, not having reserved his rights at common law, he could not recover in an action at law against his employer for such injuries.

TORT. Writ in the Municipal Court of the City of Boston dated March 10, 1939.

On removal to the Superior Court, the action was tried before *Walsh*, J., who denied a motion by the defendant for a directed verdict. There was a verdict for the plaintiff. Both parties alleged exceptions.

*E. Field*, for the defendant.

*S. Kalesky*, (*J. L. Yesley* with him,) for the plaintiff.

RONAN, J. The plaintiff, who was engaged in the junk business and occasionally did some moving of goods in instances where an opportunity would be presented to him to purchase junk, was hired by the defendant to remove the defendant's goods from a warehouse, which the defendant intended to vacate and which had been used by the defendant in connection with the maintenance of his printing plant. Some of these goods were to be brought to a dump, some to the defendant's plant, and the remainder, which was junk, was to be purchased by the plaintiff. According to the plaintiff, the defendant was to furnish two of his employees to assist in the moving, but when the plaintiff commenced work on December 19, 1938, the defendant was unable to spare these employees and told the plaintiff to hire two men and he would pay for them; and the plaintiff hired two men and they were engaged for two days in cleaning out rubbish from the warehouse, using a truck which belonged to the plaintiff's son and for which the plaintiff was to be paid at a fixed rate a day together with a fixed rate for his own labor. It is undisputed that the work stopped on December 20, 1938, and was resumed on December 27, 1938, in accordance with instructions from Morris Greenbaum, an employee of the defendant. The plaintiff with the truck and two men he had hired appeared at the defendant's warehouse on the morning of December 27, 1938. They were admitted to the warehouse by Morris Greenbaum and thereafter were engaged in moving about

one hundred twenty-five lithograph stones to the plant. Morris Greenbaum accompanied the plaintiff on the first trip to the plant, and on the second trip walked to the plant, where he saw the stones which had been brought over on the first trip. He permitted the plaintiff to have the use of a lifting machine, which was then in the plant, for the purpose of taking it to the warehouse to lift four or five motors upon the truck. While this lifting machine was being lowered from the truck to the street, upon a skid-board which the plaintiff had furnished, it fell upon the plaintiff who was either steadying the machine as it was being lowered or standing in the street near the skid-board. The plaintiff testified that the machine was being unloaded under the personal direction of Morris Greenbaum. The latter testified he was travelling along the street toward the warehouse when the accident occurred, and that he did not supervise the unloading of the truck.

The defendant was insured under the workmen's compensation act. The plaintiff never gave the defendant any notice that he reserved his rights at common law. The judge ruled that the plaintiff could not recover if he was an independent contractor and instructed the jury that if the plaintiff was an employee of the defendant he would not be barred from recovery for injuries caused by the negligence of Morris Greenbaum as the plaintiff was not employed in the usual course of the defendant's business. After specially finding that the plaintiff was an employee, the jury returned a verdict for the plaintiff. Both parties alleged exceptions.

While the plaintiff cannot now question the ruling of the judge, which was not excepted to, that the plaintiff could not recover if he was an independent contractor, *S. E. Rand Transportation Co.* v. *Boston & Maine Railroad*, 273 Mass. 327, 332, *Santa Maria* v. *Trotto*, 297 Mass. 442, 447, we prefer not to base our decision on that ground. Neither do we rely upon the finding of the jury that the plaintiff was an employee.

There was no error in the ruling that if the plaintiff was injured by the fall of the machine while he was engaged in removing it, as an independent contractor, he could not

recover. If he was an independent contractor he would be in control as a proprietor of the business of moving the defendant's goods and would be responsible for the method adopted in accomplishing the purpose and for the negligence of those whom he engaged in performing the work. If he was injured by reason of the dangerous method he employed or on account of the carelessness of his employees he could not recover from the person for whom he was doing the work. *Taunton* v. *Hoar*, 288 Mass. 326. *Parker* v. *Taylor*, 295 Mass. 51. *Crocker* v. *MacLean*, 300 Mass. 255.

The plaintiff, however, was an employee of the defendant. Indeed he so testified and, in the absence of evidence more favorable to him, he was bound by this testimony that he was an employee of the defendant. *Goodwin* v. *E. B. Nelson Grocery Co.* 239 Mass. 232. *Pabujian* v. *Pabujian*, 266 Mass. 403. *Fortune* v. *New York, New Haven & Hartford Railroad*, 271 Mass. 101. *Head* v. *Morton*, 302 Mass. 273. *Howe* v. *Boston, ante*, 278. See *Mosher* v. *Cape Ann Savings Bank*, 309 Mass. 512; *Walsh* v. *Riverway Drug Store Inc., ante*, 326. He was not only an employee at common law, but he was also an employee under the workmen's compensation act when he was injured. Both parties understood that the plaintiff under his contract of employment was to furnish and operate his own truck in the rendition of the services that he had undertaken to perform for the defendant. His status as an employee would be retained if he was injured while operating or using the truck. General Laws (Ter. Ed.) c. 152, § 26, in so far as material, provides that "any person while operating or using a motor or other vehicle, whether or not belonging to his employer, with his employer's general authorization or approval, in the performance of work in connection with the business affairs or undertakings of his employer . . . and, while so performing such work, receives a personal injury, shall be conclusively presumed to be an employee." If when he was injured he was so employed, it would be immaterial whether or not he was then employed in the usual course of the defendant's business, provided he

was then operating or using the truck in furtherance of the business of the defendant. And this would be true even though the defendant had no voice in the method or manner in which the plaintiff should operate or use the truck in the performance of services for the defendant. Indeed, it has been said that the quoted provision of § 26 gives "the status of an 'employee' to one who, if driving his own automobile while engaged in the business of his employer in the circumstances there described, would, under the preëxisting law, be an independent contractor and not entitled to compensation under the workmen's compensation act." *Harvey's Case*, 295 Mass. 300, 302. *Manley's Case*, 280 Mass. 331, 334, 335. *Higgins's Case*, 284 Mass. 345. *Cahill's Case*, 295 Mass. 538.

Even if the plaintiff was standing in the street by the skid-board at the time of his injury and was not then actually assisting in the unloading of the truck, he did not, by such momentary cessation of work, cease to be an employee. *Von Ette's Case*, 223 Mass. 56. *Hughes's Case*, 274 Mass. 540. *Watkins* v. *New York, New Haven & Hartford Railroad*, 290 Mass. 448. Under our decisions he was at the time of the accident either operating or using the truck in performing work in furtherance of the defendant's business. *Mannix's Case*, 264 Mass. 584. *Cook* v. *Crowell*, 273 Mass. 356. *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440. *Di Cecca* v. *Bucci*, 278 Mass. 15. *Cahill's Case*, 295 Mass. 538. *Crofoot* v. *Rozewski*, 310 Mass. 824. *Blair* v. *Boston Elevated Railway*, 310 Mass. 1. *Rozzi* v. *Caggiano*, 310 Mass. 752. *Cochran* v. *M & M Transportation Co.* 112 Fed. (2d) 241.

If an employer is insured under the workmen's compensation act, an employee who has not reserved his rights at common law cannot recover damages in an action at law against the employer for personal injuries arising out of and received in the course of his employment. *Gillard's Case*, 244 Mass. 47. *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260. *Conlon* v. *Lawrence*, 299 Mass. 528. *Aleck's Case*, 301 Mass. 403. *DeStefano* v. *Alpha Lunch Co. of Boston*, 308 Mass. 38.

None of the plaintiff's exceptions affect the status of the plaintiff which, as matter of law, was that of an employee, and it would serve no useful purpose to discuss them. The defendant's motion for a directed verdict should have been granted.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions sustained.*
*Judgment for the defendant.*