GERTRUDE ALBERTS *vs.* BROCKELMAN BROTHERS, INC.

Suffolk.    November 9, 1942. — December 1, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Workmen's Compensation Act,* Employee of independent contractor, To whom act applies. *Negligence,* Invited person, Store.

Evidence warranted a finding that under a contract between a manufacturer's agent and the proprietor of a store, both of whom were insured under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, for demonstration of a certain cleansing fluid in the store by the manufacturer's agent, the demonstration was, under the provisions of § 18 of the act in the form appearing in St. 1939, c. 93, "merely ancillary and incidental to, and . . . no part of" the business of such proprietor carried on in the store; and therefore one employed as a demonstrator by the manufacturer's agent was not as matter of law precluded by said § 18 from electing under § 15 to proceed at common law against the proprietor of the store to recover for personal injuries caused by a defect in the store premises while the plaintiff was there in the course of the demonstration.

An employee of a manufacturer's agent making a demonstration of a
cleansing fluid in a store pursuant to a contract for the demonstration
between the manufacturer's agent and the proprietor of the store could
be found to be a business visitor in the store to whom the proprietor
owed a duty of exercising due care to keep the premises in a reasonably
safe condition for his use.

TORT. Writ in the Superior Court dated December 11,
1939.

The case was tried before *Hammond, J.*

The injuries for which the plaintiff sought recovery were
sustained on July 17, 1939.

The plaintiff's contention was that she had a right to
elect, under § 15 of the workmen's compensation act, G. L.
(Ter. Ed.) c. 152, to proceed at common law against the
defendant. The defendant's contention was that by reason
of the provisions of § 18, in the amended form appearing in
St. 1939, c. 93, she was precluded therefrom because when
injured she was at work for her employer, who was an
independent contractor with the defendant in performance
of work which was on the defendant's premises and was a
part of the defendant's business, and not merely ancillary
and incidental to such work; also because the evidence did
not show that the plaintiff had reserved her rights ·at
common law under § 24.

*J. H. Devine,* (*J. R. Spence* with him,) for the plaintiff.

*P. R. Frederick,* for the defendant.

RONAN, J. The plaintiff, an employee of a Boston firm,
which was a manufacturers' representative and sold for the
account of manufacturers their products including a cer-
tain cleansing fluid, was instructed by her employer to go to
the Lawrence store of the defendant to demonstrate and
promote the sales of the fluid. At the store she arranged a
display of various packages of the fluid in a booth which
had been prepared for the demonstration, sold a small
quantity of the fluid which was a part of the defendant's
stock in trade, and turned the proceeds over to the defend-
ant. On her way out to lunch, her heel caught in a hole in
the floor and she received personal injuries. The verdict
of the jury in her favor was, upon leave reserved, set aside

and, subject to her exception, a verdict was ordered to be entered for the defendant.

Both the plaintiff's employer and the defendant were insured under the workmen's compensation act. The plaintiff, unless she reserved her rights at common law, could not bring an action at law against her employer for personal injuries arising out of and in the course of her employment, G. L. (Ter. Ed.) c. 152, § 24; and an "insured person" would have the same immunity from an action at law to recover damages for such injuries arising out and in the course of her employment with an independent contractor with whom the "insured person" had made a contract to do such person's work and where, if the work was performed by her in accordance with a contract made directly by her with the "insured person," the latter would be liable under the workmen's compensation law, unless the work to be done by the independent contractor under his contract with the "insured person" is "merely ancillary and incidental to, and is no part of or process in, the trade or business carried on by the insured" or unless the injury occurred on or about the premises where the contractor had undertaken to perform the work or which were under the control and management of the latter. G. L. (Ter. Ed.) c. 152, § 18. If the plaintiff's employer had contracted to do a part of the defendant's trade or business and she was injured in the performance of that work, then she was covered by the insurance of the defendant and she could not recover damages in an action at law against the defendant, as the defendant was an "insured person." G. L. (Ter. Ed.) c. 152, § 15. *Willard* v. *Bancroft Realty Co.* 262 Mass. 133. *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260. *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565. *MacAleese's Case,* 301 Mass. 25.

The plaintiff's employer sent its demonstrators for a week at a time to various stores where this cleansing fluid was sold. All it sought and secured by its contract with the defendant was an opportunity to push the sales of the fluid. It was not hired by the defendant to sell the defendant's goods, but it was understood that whatever fluid was sold

during the demonstration was to come from the defendant's supply... It was not to be paid anything by the defendant for conducting the demonstration, and the consideration it received was whatever advantage resulted from increased sales of the cleansing fluid. The defendant did not pay any wages to the plaintiff. Her presence at the store was solely in the interests of her employer. She was not sent to the store to act as one of the defendant's clerks in the usual course of its business, and although she sold two quarts of the defendant's fluid, which it had in stock, these sales were merely the means adopted to accomplish the main object of her visit. Her aim was to extend the market for the fluid rather than to make sales of it in behalf of the defendant. The defendant is not shown to have had any particular interest in this special fluid, and what brand of cleansing fluid its customers purchased was probably a matter of indifference to it. On the other hand, the plaintiff's employer was not interested in the sale of any other fluid. According to the pre-trial report, the plaintiff's employer had a contract with the defendant relative to the use of the defendant's store for demonstration purposes. It could be found that the plaintiff's employer was conducting its own business on its own account and not as a part of the defendant's trade or business. The character of the work the plaintiff's employer contracted to perform upon the defendant's premises could be found to be different from that ordinarily performed in the defendant's store by its own employees in the daily routine of their duties, and the occasional temporary visit of an employee of another to stimulate the sale of a particular product was not essential or necessary to the conduct of the defendant's business but was merely incidental and ancillary thereto. The case resembles *Corbett's Case*, 270 Mass. 162, *Meehan* v. *Gordon*, 307 Mass. 59; *Caton* v. *Winslow Bros. & Smith Co.* 309 Mass. 150, and *Stratis* v. *McLellan Stores Co.* 311 Mass. 525, rather than *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260, *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, *Carlson* v. *Dowgielewicz*, 304 Mass. 560.

It is not unreasonable to suppose that the defendant

believed that some commercial benefit or advantage might accrue to it as a result of the demonstration, and that this was the reason why the demonstration was permitted to be conducted in its store. Accordingly, the plaintiff could be found to be a business visitor to whom the defendant owed a duty of exercising due care to see that she was not injured while upon its premises. *Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515. *Palmer* v. *Boston Penny Savings Bank,* 301 Mass. 540. *Lord* v. *Lowell Institution for Savings,* 304 Mass. 212.

The plaintiff's exceptions are sustained, and judgment is to be entered on the verdict returned by the jury.

*So ordered.*