WILLIAM A. WHITEHOUSE *vs.* CITIES SERVICE OIL
COMPANY
(and a companion case[1]).

Plymouth. November 9, 1943. — November 30, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Workmen's Compensation Act*, Employee of independent contractor. *Sale,*
What constitutes. *Practice, Civil,* Requests, rulings and instructions.

A request at the trial of an action of tort for an instruction that the jury
might consider, as bearing upon the plaintiff's contributory negligence,
a certain fact, if found to be a fact, properly was denied where the
evidence as to that fact was conflicting and the fact was not decisive
of the issue of contributory negligence.

The relation between a corporation engaged in marketing, selling and dis-
tributing petroleum products and the proprietor of a tank truck, who
under a "distributor's sales contract and license agreement" with the
corporation bought such products from it and resold them to his own
customers within a territory designated in the contract and subject to
its terms, was that of seller and buyer; a finding would not have been
warranted that the proprietor of the truck had entered into a contract
with the corporation to do a "part of or process in . . . [its] trade or
business" within G. L. (Ter. Ed.) c. 152, § 18.

TWO ACTIONS OF TORT. Writs in the Second District
Court of Plymouth dated December 2, 1939.

On removal to the Superior Court, the cases were tried
together before *Warner,* J.

*M. J. Dray,* for the defendants.

*H. F. Hathaway,* for the plaintiff.

RONAN, J. The plaintiff was employed by the Albert
Culver Co., hereinafter called Culver, as an operator of a
large ten-wheeled tank truck. He drove the truck upon
the premises of the corporate defendant, hereinafter called
the oil company, for the purpose of obtaining fuel oil and
kerosene. After getting a written order at the office of the
oil company, he drove the truck into one of the stalls lo-
cated under elevated tanks and loaded on the quantity of

---

[1] The companion case is by the same plaintiff against John Glencross.

fuel oil mentioned in the written order.   Another truck was waiting to load at this stall.   A platform or catwalk, twenty inches wide and about four feet above the ground, ran along the uprights that supported the elevated tanks.   There was a clearance of about a foot between this catwalk and the right side of the tank truck.   The defendant Glencross, a loader in the employ of the oil company, got into the cab of the Culver truck to drive it out of the stall so that the other truck which was waiting to be loaded could get into the stall.   There was evidence that the plaintiff, as he was getting down from the side of the truck, discovered that Glencross was in the cab back of the steering wheel; that, when he reached the running board or the step near the cab, he told Glencross not to drive the truck as he, the plaintiff, would drive it out; and that Glencross then started the truck and the plaintiff was wedged between the truck and the catwalk.   There was other evidence that the plaintiff was stepping down from the catwalk when the truck started.   There was also evidence that Glencross did not see the plaintiff before he started the truck and that, after the truck started, the plaintiff ran along the catwalk to get ahead of the truck and, in attempting to get on the truck, he went down between it and the catwalk.   No question is raised but that it could be found that Glencross was acting within the scope of his employment in moving the truck out of the stall.   The jury returned verdicts for the plaintiff.   The cases are here on exceptions to the refusal to direct verdicts for the defendants and to give two requests for instructions, and to the exclusion of evidence which the defendants contend, if admitted, would show that the only remedy the plaintiff had was under the workmen's compensation act.

The two requests for instructions were to the effect that the jury might consider, as evidence of the plaintiff's contributory negligence, the fact, if it was found to be a fact, that the plaintiff attempted to board the truck while it was in motion.   There was a conflict in the evidence as to just what the plaintiff was doing immediately before he was caught between the truck and the catwalk.   These re-

quests were not decisive of any issue in the case. They simply directed the jury's attention to a part of the evidence introduced upon the issue of the contributory negligence of the plaintiff, and asked the jury to find, if the facts assumed in the request were found to be true, that they could consider them as evidence of negligence. The defendants had no right to select a portion of the evidence which was favorable to them and to secure additional emphasis to that aspect of the evidence by embodying it in a request and having it given to the jury. These requests were properly refused by the trial judge. *Sodekson* v. *Lynch*, 314 Mass. 161. *Burgess* v. *Giovannucci*, 314 Mass. 252. *Russell* v. *Berger*, 314 Mass. 500.

The remaining and principal contention of the defendants is that Culver was an independent contractor who had entered into a contract with the oil company, an insured employer, by which it was to do the latter's work and that by virtue of G. L. (Ter. Ed.) c. 152, § 18, the plaintiff, who had not reserved his right of action at common law against Culver, which was also insured, had no rights to maintain against the oil company or against its employee, the defendant Glencross. The defendants in support of this contention offered in evidence a statement of stipulated facts which were admitted by the parties to be true if material. Upon objection of the plaintiff, the judge, subject to the exceptions of the defendants, excluded this evidence. It appears from these stipulated facts that both Culver and the oil company were insured under the workmen's compensation act; that the plaintiff had not reserved any cause of action at common law against his employer; that the oil company was engaged in marketing, selling and distributing gasoline, fuel oil, kerosene and other petroleum products; that Culver was engaged in buying and selling petroleum products, coal, grain and ice; and that, at the time of the accident, the plaintiff was on the premises of the oil company to purchase fuel oil and kerosene in accordance with a written contract executed between the oil company and Culver. This contract, which was called a "Distributor's Sales Contract and License Agreement," in which

the oil company is designated as the seller and Culver as the distributor, provided for the sale of certain quantities of various petroleum products during the life of the contract at prices to be determined as mentioned in the contract and to be paid for within thirty days of date of shipment. The goods that Culver bought from the oil company were to be resold only in the territory described in the contract at prices posted by the oil company, and a provision was required in all contracts made with its customers that they could resell only at the said posted prices. Culver was given the right to use some of the brand names of the oil company. Culver agreed to paint its bulk and service stations, station equipment, pumps and tank trucks in the customary colors employed by the oil company. The oil company agreed to furnish globe plates for gasoline pumps bearing the oil company's trade marks and such other signs and advertising matter as might be issued by the oil company.

The question is whether the stipulated facts, which included the written contract, were sufficient to support the contention of the defendants, or at least sufficient to present a question of fact, that Culver was an independent contractor performing the oil company's work. Culver bought and paid for the goods that it purchased from the oil company. The goods belonged to Culver. It could resell them to any customers it chose within the territory described in the contract. It could sell for cash or credit. The proceeds of its sales belonged to Culver. It was under no obligation to furnish the oil company with a list of customers or in any way to account to the oil company for any transactions Culver had with its own customers. There was nothing in the stipulated facts indicating that Culver agreed to perform work for the oil company or to accomplish anything for or in behalf of the oil company. Culver was a dealer buying and selling petroleum products on its own account and for its own benefit, although its right to sell these products was limited by the terms and conditions imposed by its vendor. Culver conducted its own business, selling to its own customers and receiving as its only compensation whatever

profits accrued from the business. Culver was paid nothing by the oil company. No part of the regular business of the oil company was entrusted to Culver. However the parties may be described in the contract, the only relationship that it created was that of buyer and seller. The evidence offered for the purpose of showing that Culver had entered into a contract with the oil company to do a "part of or process in, the trade or business" of the company, G. L. (Ter. Ed.) c. 152, § 18, *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, was properly excluded as the evidence, if admitted and believed by the jury, was insufficient as matter of law to prove such a fact. *Stratis* v. *McLellan Stores Co.* 311 Mass. 525, 529. *Alberts* v. *Brockelman Brothers, Inc.* 312 Mass. 486. *Dr. Miles Medical Co.* v. *John D. Park & Sons Co.* 220 U. S. 373. *Straus* v. *Victor Talking Machine Co.* 243 U. S. 490. *Standard Fashion Co.* v. *Magrane-Houston Co.* 258 U. S. 346. *Howard* v. *Hancock Oil Co. of California,* 68 Fed. (2d) 694. *W. T. Lamb & Sons* v. *Goring Brick Co. Ltd.* [1932] 1 K. B. 710. *Ex parte White,* L. R. 6 Ch. 397. *Reiter* v. *Anderson,* 87 Cal. App. 642. *Texas Co.* v. *Wheeless,* 185 Miss. 799. *Mack* v. *Drummond Tobacco Co.* 48 Neb. 397. *Baldwin* v. *Feder,* 135 App. Div. (N. Y.) 97. *Walters* v. *Kaufmann Department Stores, Inc.* 334 Penn. St. 233. *Fuller Brush Co.* v. *Industrial Commission of Utah,* 99 Utah, 97. *Piper* v. *Oakland Motor Co.* 94 Vt. 211. *Arbuckle Brothers* v. *Gates & Brown,* 95 Va. 802. *Watson* v. *Oregon Moline Plow Co.* 113 Wash. 110. Mechem, Sales, §§ 44–45.

The evidence already summarized was sufficient to support the plaintiff's cause of action and there was no error in denying the motions for directed verdicts.

*Exceptions overruled.*