Israel Bernstein, of Boston, Mass., for plaintiff.

Johnson, Clapp, Ives & Knight, Henry F. Knight, and William R. Cook, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action by the plaintiff, an employee of the Pullman Company, to recover for injuries allegedly received in a railroad accident near Gladstone, Illinois, on or about June 11, 1945. The defendant Pullman Company sets forth in its answer that from June 1, 1945, it was subject to the Workmen's Compensation Laws of Massachusetts under the provisions of Chapter 369 of the Acts of 1945. In consequence, the defendant Pullman Company has moved to dismiss the action at law as against it on the ground that plaintiff's only remedy is to be found under the Massachusetts Compensation Laws.

Under Section 1(4) of Chapter 152 of the Massachusetts General Laws, as amended by Section 3 of Chapter 529 of the Acts of 1943 "persons employed by an express company, sleeping car company, or carrier subject to Part I or Part II of the Interstate Commerce Act" were exempted from the provisions of the compensation laws.

Thus workmen's compensation insurance for the Pullman Company was entirely optional under this statute. Section 24 of Chapter 152, as amended by Chapter 529 of the Acts of 1943, § 6, provided for a waiver of common-law rights by an employee "if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right, or, if the contract of hire was made before the employer became an insured person or self-insurer, if the employee shall not have given the said notice within thirty days of the time said employer became an insured person or a self-insurer."

Chapter 369 of the Acts of 1945 amended the definition of employee as set forth in Section 1(4) so as to include "every person in the service of another under any contract of hire, express or implied, oral or written, excepting masters of and seamen on vessels engaged in interstate or foreign commerce, persons employed by an employer engaged in interstate or foreign commerce but only so far as the laws of the United States provide for compensation or for liability for their injury or death * * *." Both parties agree that workmen's compensation insurance was compulsory for the Pullman Company when the amendment became effective on June 1, 1945. The Pullman Company qualified with the State Treasurer as a self-insurer on June 13, 1945.

The contention of the defendant is that, since workmen's compensation insurance became obligatory on June 1, 1945, it became subject to the Act from that moment on. Since the plaintiff did not give the notice required by Section 24 within thirty days of June 13 when the defendant qualified as a self-insurer, the plaintiff must be held to have waived his common-law rights.

With this position I cannot agree. Defendant's argument would have more merit if the injury did not precede the date of qualification as a self-insurer. Noble v. Greenbaum, 311 Mass. 722, 42 N.E.2d 823; Alberts v. Brockelman Bros., 312 Mass. 486, 45 N.E.2d 392. However, when the injury occurred on June 11, the plaintiff's common-law rights accrued since the defendant on that date was neither an "insured person or a self-insurer." These rights cannot be defeated by the later qualification for self-insurance, and placing on the plaintiff the requirement of giving notice under Section 24. The effective date of the amendment to Section 1(4) is immaterial on this issue. The legal duty imposed on the Pullman Company by the Acts of 1945 cannot operate to its advantage until it has complied with the conditions imposed therein.

The motion to dismiss as to the defendant Pullman Company is denied.