## MARY A. SMITH'S CASE.

Worcester. April 5, 1950. — June 20, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Street risk. *Agency*, Scope of authority or employment. *Contract*, Of employment.

A woman was not entitled to workmen's compensation under the provision of G. L. (Ter. Ed.) c. 152, § 26, as appearing in St. 1943, c. 529, § 8, relating to ordinary risks of the street, where it appeared that she was employed by a city to do housework during certain regular daily working hours in homes designated weekly by the city's welfare department, and that she was injured by falling on ice on a street while she was going to the home in which she was to work that day and before the time established for the beginning of her work day.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

. The case was heard by *O'Brien*, J.

*L. F. Burke*, (*E. Burke* with him,) for the claimant.

*H. P. Grady*, Assistant City Solicitor, for the city of Worcester, insurer.

WILLIAMS, J. This is a claim for compensation under G. L. (Ter. Ed.) c. 152 for an injury received on December 24, 1947. The claimant testified that she was employed by the city of Worcester "doing housework at the homes" of aged people on welfare — "cleaning and straightening out their houses." On Monday she would visit the welfare department of the city and receive a list of the places to be visited by her during the week. On Wednesday, the day of her injury, the home to be visited by her was Mrs. Petit's at 525 Park Avenue. She left her home that morning at 7 A.M. On leaving the bus in which she had been riding she walked toward her destination, fell on an icy sidewalk, and was injured. "She was going to stay at Mrs. Petit's all day. In her work she would go to one place one day and another place the next day and work there all day." She was supposed to be at work at Mrs. Petit's at 8:30 A.M. and was supposed to get through at 4 P.M. She had regular working hours, 8:30 A.M. to 4 P.M. After her injury she was assisted by a passer-by and arrived at the Petit home about 8:30 A.M.

The single member made findings of fact substantially in accord with the above testimony and awarded the claimant compensation. His findings and decision were affirmed and adopted by the reviewing board. The case is here on appeal from the decree of the Superior Court which dismissed the claim for compensation. It appears from the record, which states that "all the material evidence is reported," that the testimony of the claimant was the only evidence offered concerning the nature and terms of her employment and the occurrence of her fall. There being no

evidence by way of contradiction or qualification, she is bound by her testimony. *Goodwin* v. *E. B. Nelson Grocery Co.* 239 Mass. 232, 233. *McCarthy* v. *Simon*, 247 Mass. 514, 519. *Howe* v. *Boston*, 311 Mass. 278, 281. *Noble* v. *Greenbaum*, 311 Mass. 722, 725.

The question for decision is whether the claimant is entitled to compensation under that part of G. L. (Ter. Ed.) c. 152, § 26, as appearing in St. 1943, c. 529, § 8, which provides for payment for an injury "arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer." The possibility of falling on an icy sidewalk, such as the one on which the claimant fell, clearly is an "ordinary risk of the street." See *Donahue's Case*, 226 Mass. 595. The difficulty is to find any evidence that at the time of the claimant's fall she was actually engaged in her employer's business. The claimant's hours of labor were from 8:30 A.M. to 4 P.M. On the day of her injury she was required to work during those hours at a definite place, Mrs. Petit's at 525 Park Avenue. There is no evidence that she was to be paid for any time other than for those hours when she was to work at Mrs. Petit's. She was injured at some time before 8:30 A.M. when going to her place of work.

The case is governed by the principle of those cases where compensation has been denied to an employee injured while going to or from work. See *Fumiciello's Case*, 219 Mass. 488; *Rourke's Case*, 237 Mass. 360; *Chernick's Case*, 286 Mass. 168.

The fact that the claimant was to work at Mrs. Petit's probably for only one day does not affect the situation. The unit time of her employment appears to have been a working day of a certain number of hours, all of which were to be spent at one definite place. While obviously her employer contemplated that she must use the streets to arrive at her assigned place of work, that would be also true if she were employed in some factory for one, two or more days. She was not engaged in her employer's busi-

ness in going to the place where she would begin to earn her wages. "Unless the incidents of employment be exceptional, the relation between a master and his servant is suspended when the servant leaves the place of his actual employment at the close of his day's work to go to his home, and again becomes active when after the interval of rest the laborer puts himself in a position where he can do the work of his employment at the place where it is to be performed." *Rourke's Case,* 237 Mass. 360, 363.

We do not follow the conclusion of the single member, adopted by the reviewing board, that the "streets of Worcester were" the employee's "workshop." This is not a case where the duties of the employee in travelling or in making various calls in different places require him to be on and about the streets during working hours. See *Keaney's Case,* 232 Mass. 532; *Cook's Case,* 243 Mass. 572; *Higgins's Case,* 284 Mass. 345; *Harvey's Case,* 295 Mass. 300. Compensation was properly denied.

*Decree affirmed.*