Fishman, Kenneth J., J.
INTRODUCTION
The plaintiff, Middlesex Insurance Company (“Middlesex”), brought this declaratory judgment action against defendants, Commerce Insurance Company (“Commerce”), Robert A. Cavacco, George M. Turner, and Louise M. Turner (collectively “the Turners”), seeking the following declarations: (1) Middlesex is under no obligation to provide Compulsory Bodily Injury To Others coverage to Cavacco in connection with the personal injury claims of the Turners arising *669 out of the accident pursuant to the terms of the Middlesex Policy; (2) Middlesex is under no obligation to provide Optional Bodily Injury to Others coverage to Cavacco in connection with the personal injury claims of the Turners arising out of the accident pursuant to the terms of the Middlesex Policy; and (3) Commerce must provide Bodily Injury Caused By An Uninsured Auto Coverage to the Turners for the accident pursuant to the terms of the Commerce Policy. Middlesex now moves for summary judgment. Commerce also moves for summary judgment claiming that Middlesex’s policy does apply to provide Optional Bodily Injury to Others coverage to Cavacco. After hearing, and for the reasons discussed below, the plaintiffs motion is ALLOWED, and the defendant Commerce Insurance Company’s motion is DENIED.
BACKGROUND
The summary judgment record contains the following largely undisputed facts.
On June 9, 2000, in Kingston, Plymouth County, Massachusetts, Cavacco, while driving a 1996 GMC Sierra pick-up truck (“the truck”) owned by Four Seasons Builders, Inc. (“Four Seasons”), rear-ended a vehicle driven by George M. Turner, and, in which Louise Turner was a passenger (“the accident”). The Turners allege personal injuries resulting from the accident.
At the time of the accident, Four Seasons was in the business of constructing custom-built homes as a builder/developer. Cavacco worked for Four Seasons doing framing, roofing, siding, and finish carpentry. Four Seasons allowed Cavacco to use its truck in connection with his work at Four Seasons and for personal use. Cavacco had possession of the truck for a year to a year and a half before the accident. The truck was used to store tools owned by Four Seasons, to transport those tools to the jobsites, and to pick up lumber and other materials needed at the jobsites. Four Seasons had no separate storage facility for the storage of tools, and, therefore, some of Four Seasons’ tools were permanently stored in the truck. The truck was used approximately five times a month to pick up lumber and other construction materials. The truck has a gross weight of under 10,000 pounds.
Four Seasons’ principal place of business was the residence of Stephen R. Howie, president and sole owner of Four Seasons. There was no separate office. Cavacco would report to work for Four Seasons at its various jobsites. At the time of the accident, Cavacco was driving the truck home from a Four Season’s jobsite. At that time, the truck contained the following: three framing guns; two roofing guns; two skill saws; a belt sander; drills; lally cutters; a compressor; six step ladders; a twenty-four-foot ladder; hoses; and cords. All of these tools were owned by Four Seasons except the belt sander and a hammer drill.
Trust Insurance Company issued an automobile insurance policy to Four Seasons, which covered the truck. On or about August 2, 2000, Trust Insurance Company was declared insolvent.
Middlesex issued an automobile policy to Robert A. Cavacco (“the Middlesex Policy”). The Middlesex Policy provided compulsory Bodily Injury to Others[1] Coverage and Optional Bodily Injury to Others[2] Coverage for Cavacco pursuant to the terms of the Standard Massachusetts Automobile Insurance Policy. The Coverage Selections Page or Declarations Sheet for this policy lists two covered automobiles, a 1996 Chevy Lumina and a 1999 Trailer. The Middlesex Policy contains a number of exclusions to the Optional Bodily Injury to Others coverage. The “business use” exclusion provides:
In addition, we will not pay:
5. While anyone, is using a vehicle in the course of any business other than the business of selling, servicing, repairing or parking autos. This exclusion does not apply to private passenger autos, or to pick-up trucks, vans, or similar vehicles having a gross vehicle weight of less than 10,000 pounds and not used for the delivery or transportation of goods or materials unless such use is incidental to your business of installing, maintaining, or repairing furnishings or equipment.
At the time of the accident, the Turners’ vehicle was covered by an automobile insurance policy issued by Commerce, which incorporated the Standard Massachusetts Automobile Insurance Policy (the “Commerce Policy”). The Commerce Policy provides coverage for Bodily Injury Caused By An Uninsured Auto as follows:
Sometimes an owner or operator of an auto legally responsible for an accident is uninsured. Some accidents involve unidentified hit-and-run autos. Under this Part, we will pay damages for bodily injury to people injured or killed in certain accidents caused by uninsured or hit-and-run autos. We will pay only if the injured person is legally entitled to recover from the owner or operator of the uninsured or hit-and-run auto. We will pay for hit-and-run accidents only if the owner or operator causing the accident cannot be identified.
Sometimes the company insuring the auto responsible for an accident will deny coverage or become insolvent. We consider such an auto to be uninsured for purposes of this Part. However, we do not consider an auto owned by a governmental unit or someone who is legally self-insured to be an uninsured auto.
DISCUSSION

A. Summary Judgment Standard

A court should grant summary judgment where the record, including pleadings, depositions, answers to *670 interrogatories, admissions on file and affidavits, shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party has the burden of demonstrating the absence of a genuine issue as to any material fact and that it is entitled to have questions of law resolved in its favor. Mass.R.Civ.P. 56(c); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 711 (1991); Ford Motor Co. v. Barrett, 403 Mass. 240, 242 (1988).

B. Middlesex’s Motion for Summary Judgment 1. Compulsory Bodily Injury to Others Coverage

Middlesex claims that it is entitled to judgment as a matter of law because it is under no obligation to provide compulsory Bodily Injury to Others coverage to Cavacco under the terms of the Middlesex Policy. It argues that this is so because the vehicle operated by Cavacco at the time of the accident does not fit within the definitions of “your auto” under the policy. The defendant Commerce concedes that this argument is well-founded, and, therefore, Middlesex is.entitled to summary judgment as a matter of law as to the Bodily Injury to Others coverage.

2. Optional Bodily Injury to Others Coverage

Middlesex claims that it is entitled to judgment as a matter of law because it is under no obligation to provide Optional Bodily Injury to Others coverage to Cavacco under the terms of the Middlesex Policy. It argues that the Middlesex Policy does not provide this coverage because the truck that Cavacco was driving at the time of the accident fits within exclusion number five, which limits Optional Bodily Injury coverage for vehicles used in the course of a business.
a. Scope of Employment
Middlesex claims that, at the time of the accident, Cavacco was operating the truck during the scope of his employment. Travel back and forth from home to a place of employment is not ordinarily regarded as within the scope of employment. See Gwaltney's Case, 355 Mass. 333, 335 (1969); Chernick’s Case, 286 Mass. 168, 172 (1934); Smith’s Case, 326 Mass. 160, 162 (1950); Kelly v. Middlesex Corp., 35 Mass.App.Ct. 30, 32-33 (1993). This is called the “going and coming” rule. See Wormstead v. Town Manager of Saugus, 366 Mass. 659, 666 (1975). There are exceptions to this rule, however, one of which applies here. “Numerous cases establish that an employee who has no single, fixed place of business is, for obvious reasons, generally exempt from the ‘going and coming’ rule.” Wormstead v. Town Manager of Saugus, 366 Mass. at 666-67, citing Mandell’s Case, 322 Mass. 328, 330-31 (1948); Souza’s Case, 316 Mass. 332, 333-37 (1944); Keaney’s Case, 232 Mass. 532, 534 (1919).
Here, Four Seasons’ principal place of business was the residence of Stephen Howie, president and sole owner of Four Seasons. There was no separate office. Cavacco would report to work for Four Seasons at its various jobsites. At the time of the accident, Cavacco was driving the truck home from a Four-season jobsite and the truck contained many of Four Seasons’ tools, which were used at the various jobsites. Therefore, Cavacco, having no fixed place of business is exempt from the going and coming rule, and was acting within the scope of his employment when the accident occurred.

b. Business Use Exclusion

Middlesex maintains that it is not obligated to provide Optional Bodily Injury to Others coverage to Cavacco because he was acting within the course of a business when the accident occurred, and, therefore, the business use exclusion applies. Further, Middle-sex contends that the exception to this exclusion does not apply because the truck Cavacco was driving weighs less than 10,000 pounds and is used for the delivery of materials. The exception to the business use exclusion provides:
This exclusion does not apply to private passenger autos, or to pick-up trucks, vans, or similar vehicles having a gross vehicle weight of less than 10,000 pounds and not used for the delivery or transportation of goods or materials unless such use is incidental to your business of installing, maintaining, or repairing furnishings or equipment. [Emphasis added.]
At the time of the accident, Cavacco worked for Four Seasons doing framing, roofing, siding, and finish carpentry. Four Seasons allowed Cavacco to use its truck in connection with his work at Four Seasons and for personal use. The truck was used to store tools owned by Four Seasons, to transport those tools to the jobsites, and to pick up lumber and other materials needed at the jobsites. Four Seasons had no separate storage facility for the storage of tools; and, therefore, some of Four Seasons’ tools were permanently stored in the truck. The truck was used approximately five times a month to pick up lumber and other construction materials. It has a gross weight of under 10,000 pounds. Therefore, it follows that because Cavacco was using the truck to transport materials or Four Seasons’ tools to and from the jobsites, and was doing so at the time of the accident, the exception to the business use exclusion does not apply.
The immediate subsequent language of the business use exclusion that provides, “unless such use is incidental to your business of installing, maintaining, or repairing furnishings or equipment” has two possible interpretations, one which would make the business of installing, maintaining, or repairing furnishings or equipment a business purpose, and one which would not. The parties agree that this language further broadens the exception to the exclusion. It is unnecessary to decide this issue, however, because this language is of no consequence to this case. Simply *671 put, the summary judgment record establishes that Cavacco is not in the business of “installing, maintaining, or repairing furnishings or equipment.”
In sum, because the Middlesex Policy excludes coverage when a vehicle is used for a business purpose, Cavacco was using the truck for a business purpose, and the exception to the business use exclusion does not apply, Middlesex is not obligated to provide Optional Bodily Injury to Others coverage to Cavacco. Consequently, Middlesex is entitled to judgment as a matter of law as to this coverage.

3. Uninsured Auto Coverage Under the Commerce Policy

Middlesex claims that because there is no coverage under the Middlesex Policy, the Bodily Injury Caused By An Uninsured Auto coverage (“UM” coverage) of the Commerce Policy applies to cover the claims of the Turners. The Commerce Policy UM coverage provision provides in pertinent part:
Sometimes the company insuring the auto responsible for an accident will deny coverage or become insolvent. We consider such an auto to be uninsured for purposes of this Part. However, we do not consider an auto owned by a governmental unit or someone who is legally self-insured to be an uninsured auto.
The Supreme Judicial Court in Mass. Insurers Insolvency Fund v. Safety Ins. Co., 439 Mass. 309, 313 (2003), concluded:
[B]oth [M.G.L.c. 175, §113L][3] and the Safety policy contemplate that UM benefits apply only when the motor vehicle is uninsured. Under the statute, UM benefits must be provided when (1) the insured is legally entitled to recover damages for certain injuries from the owner or operator of a motor vehicle and (2) the motor vehicle responsible for the accident is uninsured.
Here, Cavacco is legally responsible for the injuries caused to the Turners in the accident. He is uninsured, however, because of the insolvency of Trust Insurance Company and the exclusion from coverage in the Middlesex Policy. Therefore, the UM coverage in the Commerce Policy is implicated. Commerce does not dispute that its policy should apply here if the Middlesex Policy does not, and therefore, Middlesex is entitled to judgment as a matter of law on this issue. Consequently, Middlesex’s motion for summary judgment must be allowed, and Commerce’s motion for summary judgment must be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiff Middlesex Insurance Company’s motion for summary judgment is ALLOWED and the defendant Commerce Insurance Company’s motion for summary judgment is DENIED. This Court makes the following declarations:
1. The plaintiff is not obligated to provide compulsory Bodily Injury To Others coverage to the defendant Robert A. Cavacco in connection with the personal injury claims of the defendants George M. Turner and Louise M. Turner arising out of the accident.
2. The plaintiff is not obligated to provide Optional Bodily Injury to Others coverage to the defendant Robert A. Cavacco in connection with the personal injury claims of the defendants George M. Turner and Louise M. Turner arising out of the accident.
3. Defendant Commerce Insurance Company shall provide Bodily Injury Caused By An Uninsured Auto coverage to the defendants George M. Turner and Louise M. Turner for the accident pursuant to the terms of its policy.

 The Bodily Injury to Others provision states:
Under this Part, we will pay damages to people injured or killed by your auto in Massachusetts accidents. The Definitions section of the policy defines “your auto” as:
The vehicle or vehicles described in the Coverage Selections Page
A. Any auto while used as a temporary substitute for the described auto while that auto is out of normal use because of a breakdown, repair, servicing, loss or destruction. But the term “your auto” does not include a substitute vehicle owned by you or your spouse.
B. A private passenger auto, trailer, motorcycle, pick-up tmck, van or similar vehicle, to which you take title or lease as a permanent replacement for a described auto or as an additional auto. We provide coverage for an additional auto only if you ask us to insure it within seven days after you take title or the effective date of the lease.
If a replacement or additional auto is a pick-up tmck, van or similar vehicle, it must have a gross vehicle weight of less than 10,000 pounds and not be used for the delivery or transportation of goods or materials unless such use is incidental to your business of installing, maintaining or repairing furnishings or equipment.

 The Optional Bodily Injury to Others provision provides:
Under this Part, we will pay damages to people injured or killed in accidents if you or a household member is legally responsible for the accident. We will also pay damages if someone else using your auto with your consent is legally responsible for the accident. The damages we will pay are the amounts the injured person is entitled to collect for bodily injury through a court judgment or settlement.

 M.G.L.c. 175, §113L provides in pertinent part:
(1) No policy shall be issued or delivered in the commonwealth . . . unless such policy provides coverage in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, under provisions approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . and ... such coverage shall include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency.